IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA BROWN, M.D., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HAMOT MEDICAL CENTER, )<br>)<br>Defendant. ) | Civil Action No. 05-32 E |

## CONFIDENTIALITY ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), the court hereby enters the following Order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled.

1. **Nondisclosure of Confidential Documents.** No document that is identified as "Confidential" may be disclosed to any person, except as provided by this Order. A "confidential document" means any document which bears the following mark, or which shall otherwise have had the mark recorded upon it in a way that brings it to the attention of a reasonable examiner, "Confidential" -- to signify that it contains information believed to be subject to protection under Federal Rule of Civil Procedure 26(c). For purposes of this order, the term "document" means all written, recorded, or graphic material, whether produced or created by a party or another person, whether produced pursuant to Rule 34,

1

subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain material entitled to protection may be given the status of a confidential document, but to the extent feasible, shall be prepared in such a manner that the confidential information is provided separately from that not entitled to protection.

2. <u>Permissible Disclosures</u>. Notwithstanding paragraph one, confidential documents may be disclosed with the consent of the person or their attorney who provided the document; to parties; to counsel for the parties in this action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegals, assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation; to persons with prior knowledge of the documents or the confidential information contained therein, and their agents; and to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the court). Such documents may also be disclosed:

(a) to any person designated by the court in the interest of justice, upon such terms as the court may deem proper; and

(b) to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify;

(c) to outside consultants or experts retained for the purpose of assisting counsel in the litigation; to employees of parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or

designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system; and to employees of third-party contractors performing one or more of these functions.

(d) In all such cases the individual to whom disclosure is made has signed and provided to opposing counsel a form containing:

    (i) a recital that the signer has read and understands this order;

    (ii) a recital that the signer understands that unauthorized disclosures of the confidential documents constitute contempt of court; and

    (iii) a statement that the signer consents to the exercise of personal jurisdiction by this court.

3. <u>Declassification</u>. A party (or aggrieved entity permitted by the court to intervene for such purpose) may apply to the court for a ruling that a document or category of documents marked as confidential is not entitled to such status. The party or other person that designated the document as confidential shall be given notice of the application and an opportunity to respond. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection.

4. <u>Confidential Information in Depositions</u>. A deponent may during the deposition be shown and questioned about confidential documents if the deponent already knows the confidential information contained therein, or if the provisions of paragraph 2(d)

3

are complied with. Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent, unless they sign the form prescribed in paragraph 2(d). A deponent who is not a party or a representative of a party shall be furnished a copy of this order before being examined about, or asked to produce, potentially confidential documents.

5. <u>Confidential Information at Trial</u>. Subject to the Federal Rules of Evidence, confidential documents and other confidential information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives five days' advance notice to counsel for any party or other person that designated the information as confidential. Any party may move the court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial.

6. <u>Filing</u>. Confidential documents should not be filed with the Clerk, except when essential in connection with dispositive or other motions under the Federal Rules of Civil Procedure. If filed, they shall be filed under seal and shall remain sealed while in the office of the Clerk so long as they retain their status as confidential documents.

7. <u>Client Consultation</u>. Nothing in this order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of confidential documents; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific

4

disclosure of any item so designated except pursuant to the procedures of paragraphs 2(d).

8. <u>Prohibited Copying</u>. If a document contains information so sensitive that it should not be copied by anyone, it shall bear the additional phrase "Copying Prohibited." Application for relief from this restriction against copying may be made to the court, with notice to counsel so designating the document.

9. <u>Use</u>. Persons obtaining access to stamped confidential documents under this order shall use the information only for preparation and trial of this action (including appeals and retrials), and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings. For purposes of this paragraph, the term "this litigation" includes other related litigation in which the producing person is a party.

10. <u>Non-Termination</u>. The effect of this Order shall extend beyond the conclusion of this action. Within 120 days after final conclusion of all aspects of this litigation, stamped confidential documents and all copies (other than court exhibits admitted into evidence) shall be returned to the party or person that produced such documents or, at the option of the producer (if it retains at least one copy of the same), destroyed. All counsel of record shall certify compliance herewith and shall deliver such certification to counsel for the party who produced the documents not more than 150 days after the ultimate conclusion of this litigation.

11. <u>Modification Permitted</u>. The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control duplication of,

5

access to, and distribution of copies of confidential documents. Parties shall not duplicate any confidential document except working copies and for filing in court under seal.

12. <u>No Waiver</u>.

(a) Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

(b) The inadvertent, unintentional, or *in camera* disclosure of confidential documents or information shall not be deemed a waiver of any party's claim of confidentiality, and may be corrected by the prompt re-designation of a document.

13. Nothing contained in this protective order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the confidential documents and information sought.

SO ORDERED this 25th day of July, 2005.

_____
Maurice B. Cohill, Jr.
Senior United States District Judge

Dated: July 25, 2005