**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LISA BROWN, M.D., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-32E |
| | ) | |
| HAMOT MEDICAL CENTER, | ) | |
| | ) | |
| Defendant | ) | |

### DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant Hamot Medical Center ("Hamot"), by and through its counsel, hereby submits its supplemental responses to plaintiff Lisa Brown's ("plaintiff") First Request for Production of Documents and states as follows:

### PRELIMINARY STATEMENT

Hamot has not completed its investigation of the facts related to this case, has not completed discovery, and has not completed preparation for trial. All of the Responses contained herein are based only upon such information and documents that are presently known to Hamot. Further discovery and analysis may supply additional facts and establish new factual or legal contentions that Hamot may assert.

These Responses are made solely for the purpose of and in relation to this action. Each response is given subject to all appropriate objections, including without limitation, objections concerning competency, relevancy, materiality, propriety and admissibility. All such objections and grounds thereof are reserved and may be raised in subsequent proceedings.

**EXHIBIT 1**

The following responses include, as requested, documents and information not only of Hamot but of Hamot's agents, representatives, and, unless privileged, Hamot's attorneys.

The phrasing of the following responses is not necessarily that of Hamot, but is, in some cases, the phrasing of the persons mentioned in preceding paragraph.

The following responses are given without prejudice to Hamot's right to produce evidence of any subsequently discovered fact or contention that Hamot may later develop. These Responses furnish knowledge, facts and information presently available and, as requested, if subsequent or different information is obtained before trial, these responses will be appropriately supplemented, either formally or informally by communicating the information to all parties. No duty to supplement these answers is undertaken except as provided in the Federal Rules of Civil Procedure.

## GENERAL OBJECTIONS

1.     Defendant objects to the requests to the extent they are unreasonably repetitive and cumulative in nature, thereby effectively harassing defendant.

2.     Defendant objects to the requests to the extent that they seek information and documents that are neither relevant nor likely to lead to the discovery of admissible evidence.

3.     Defendant objects to the requests to the extent that they seek information or documents that constitute attorney-work product, contain privileged attorney-client communications, or are otherwise privileged from disclosure under the Pennsylvania Peer Review Act or otherwise.

4.    Defendant objects to the requests to the extent that they seek disclosure of and information about documents and other tangible materials that have been prepared in anticipation of litigation or for trial.

5.    Defendant objects to the document requests to the extent they seek documentation or information primarily or exclusively within the possession, custody, or control of plaintiff, or available from a source other than defendant that is more convenient, less burdensome or less expensive.

6.    Defendant objects to the document requests to the extent that they seek confidential, proprietary or commercially sensitive information, without the entry of an appropriate protective order.

7.    Defendant objects to the requests to the extent that they seek to impose obligations that are beyond the scope permitted by the Local and Federal Rules of Civil Procedure.

8.    Defendant objects to the requests to the extent that they are not limited in time or scope, and/or to the extent they seek documents relating to a time period prior to plaintiff's entry into Defendant's Orthopaedic Surgery Residency Training Program on July 1, 2001, on the grounds that they are not relevant, nor reasonably calculated to lead to the discovery of admissible evidence, and on the further grounds that they are overly broad and unduly burdensome.

9.    Defendant's failure to object to any of the requests on a particular ground or grounds shall not be construed as a waiver of its right to object on such ground or grounds at any time.

## RESPONSES TO DOCUMENT REQUESTS

1.      Produce a copy of all documents which refer or relate to the selection process for candidates for Hamot's Orthopaedic Residency Program.

Response:  Defendant objects to this request to the extent it seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence.

Supplemental Response:  Notwithstanding this objection, but without waiving it, defendant has produced its match rankings for its resident matching program for the years 2001 through 2005.  See HMC-00877 through HMC-00884.


2.      Produce a copy of Hamot's affirmative action plans or policy statements from 1995 to the present.

Response:  Defendant objects to this request to the extent it seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence, and further objects to this request to the extent it seeks documents that relate to a time period prior to July 2001.  Notwithstanding these objections, but without waiving them, any affirmative action plans or policy statements in effect from 2001 to the present will be produced as requested.

Supplemental Response:  Notwithstanding this objection, but without waiving it, defendant has no documents responsive to this Request.


3.      Produce a copy of Hamot's EEO-1 reports for the period 1995 to the present.

Response:  Defendant objects to this request because it seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence, and further

objects to the request to the extent it seeks discovery of documents related to a time period prior to July 2001.

Supplemental Response:  Notwithstanding this objection, but without waiving it, defendant has produced its EEO-1 Reports in its possession for the years 2001 through 2004.  See HMC-00885 through HMC-00887.   Defendant could not locate its EEO-1 Report for 2003.


4.     Produce a copy of any form of outreach or recruitment by Hamot to attract female residents to the Orthopaedic Residency Program.

Response:  Defendant objects to this request because it is vague, ambiguous and confusing.  Defendant further objects to this request because it purportedly seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence.

Supplemental Response:  Notwithstanding this objection, but without waiving it, defendant has no documents responsive to this Request.


5.     Produce a copy of any form of outreach or recruitment by Hamot to attract female residents to any of its residency programs.

Response:  Defendant objects to this request because it is vague, ambiguous and confusing.  Defendant further objects to this request because it purportedly seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence.

Supplemental Response:  Notwithstanding this objection, but without waiving it, defendant has no documents responsive to this Request.

6.      Produce a copy of any surveys, research reports, or summaries thereof, or any other data, that show the utilization of females in all job categories at Hamot in comparison to the utilization of females in the same or similar job categories in other organizations in Hamot's industry.

Response:  Defendant objects to this request because it is vague, ambiguous and confusing.  Defendant further objects to this request because it purportedly seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence.  Finally, defendant objects to the request to the extent that it is not limited in time to the period arising on or after July 1, 2001.  Subject to, and without waiving these objections, defendant will produce responsive documents in its possession, custody or control.

Supplemental Response:  Notwithstanding this objection, but without waiving it, defendant has produced its EEO-1 Reports in its possession for the years 2001 through 2004.  See HMC-00885 through HMC-00887.  Hamot has no other documents responsive to this Request.

7.      Produce a copy of all personnel files, permanent files, or their equivalent which includes information about the resident's history, qualifications, evaluations, or performance, for all residents in the Orthopaedic Residency Program from July 1995 to the present.

Response:  Defendant objects to this request because it seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence, and in particular to the extent that is seeks documents from a period prior to July 1, 2001.  Defendant further objects to this request because disclosure of the requested documents would violate the privacy interests of current and former residents in the Orthopaedic Surgery Residency Program.  Notwithstanding these objections, but without waiving

them, defendant will produce Plaintiff's personnel file, as well as those for other residents in the Orthopaedic Surgery Residency Program during Plaintiff's term of enrollment.

Supplemental Response:  Notwithstanding this objection, but without waiving it, all performance evaluations and OITE Examinations results for residents that participated in the Program during plaintiff's tenure have been produced.  See HMC-00240 through HMC-00472 and HMC-00484 through HMC-00876.


8.      Produce a copy of all personnel files, permanent files, or their equivalent, for any female who was ever admitted to the Orthopaedic Residency Program at any time.

Response:  Defendant objects to this request because it seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence.  Defendant further objects to the extent that the request seeks documents related to a period prior to July 1, 2001, on the grounds that it is overly broad and unduly burdensome, as well as not relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request because disclosure of the requested documents would violate the privacy interests of current and former residents in the Orthopaedic Surgery Residency Program.  Notwithstanding these objections, but without waiving them, defendant will produce responsive documents in its possession.

Supplemental Response:  Notwithstanding this objection, but without waiving it, all performance evaluations and OITE Examinations results for residents that participated in the Program during plaintiff's tenure have been produced.  See HMC-00240 through HMC-00472 and HMC-00484 through HMC-00876.

9.    Produce a copy of all application documents from females who were not admitted to the Orthopaedic Surgery Residency Program from 1995 to the present.

Response:  Defendant objects to this request because it seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence, and further because the request seeks document related to a period prior to July 1, 2001.  Defendant further objects to this request because disclosure of the requested documents would violate the privacy interests of the applicants to the Orthopaedic Surgery Residency Program.

Supplemental Response:  Notwithstanding this objection, but without waiving it, defendant has produced its match rankings for its resident matching program for the years 2001 through 2005.  See HMC-00877 through HMC-00884.


10.    Produce a copy of all personnel files for any resident admitted to the Orthopaedic Residency Program who was terminated from the Program.

Response:  Defendant objects to this request because it seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence, and further objects to the extent it seeks documents relating to the time period prior to July 1, 2001.  Defendant further objects to this request because disclosure of the requested documents would violate the privacy interests of the former residents in the Orthopaedic Surgery Residency Program.  Notwithstanding these objections, but without waiving them, defendant will produce responsive documents in its possession, custody and control.

Supplemental Response:  Notwithstanding this objection, but without waiving it, all responsive documents for the years 2001 through 2004 have been produced.  See,

<u>generally</u>, HMC-00001 through HMC-00423, HMC-00888 through HMC-00890, HMC-00951 through HMC-966, and HMC-01027 through HMC-01165.

11.     Produce a copy of all personnel files for any resident admitted to the Orthopaedic Residency Program whose contract was not renewed.

<u>Response</u>:  Defendant objects to this request because it seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence, and further objects to the extent it seeks documents relating to the time period prior to July 1, 2001. Defendant further objects to this request because disclosure of the requested documents would violate the privacy interests of the former residents in the Orthopaedic Surgery Residency Program.  Notwithstanding these objections, but without waiving them, defendant will produce responsive documents in its possession, custody and control.

<u>Supplemental Response</u>:  Notwithstanding this objection, but without waiving it, all responsive documents for the years 2001 through 2004 have been produced.  <u>See, generally</u>, HMC-00001 through HMC-00423, HMC-00888 through HMC-00890, HMC-00951 through HMC-966, and HMC-01027 through HMC-01165.

12.     Produce a copy of all personnel files for any resident admitted to the Orthopaedic Residency Program who resigned from the Program.

<u>Response</u>:  Defendant objects to this request because it seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence, and further objects to the extent it seeks documents relating to the time period prior to July 1, 2001. Defendant further objects to this request because disclosure of the requested documents would violate the privacy interests of the former residents in the Orthopaedic Surgery

Residency Program. Notwithstanding these objections, but without waiving them, defendant will produce responsive documents in its possession, custody and control.

Supplemental Response: Notwithstanding this objection, but without waiving it, defendant has no documents responsive to this Request for the years 2001 through 2005.

13.    Produce a copy of any notes, memorandums, recordings of conversations, or documents recorded or received regarding plaintiff's performance.

Response: Defendant objects to this request on the ground that it is overly broad and unduly burdensome, and to the further extent that is seeks documents protected from discovery by the attorney-client privilege, work-product privilege and/or Pennsylvania Peer Review Act. Notwithstanding these objections, but without waiving them, responsive documents in defendant's possession, custody or control will be produced as requested.

Supplemental Response: Notwithstanding this objection, but without waiving it, all responsive documents have been produced. See, generally, HMC-00001 through HMC-00423, HMC-00888 through HMC-00890, HMC-00951 through HMC-966, and HMC-01027 through HMC-01165.

14.    Produce a copy of all records referring or relating to disciplinary action taken against residents of Hamot's Orthopaedic Residency Program from July 1995 to the present.

Response: Defendant objects to this request because it seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence, and further objects to the extent it seeks documents related to a time period prior to July 1, 2001. Defendant further objects to this request because disclosure of the requested documents

would violate the privacy interests of its current and former residents in the Orthopaedic Surgery Residency Program.  Defendant also objects to the extent information sought by this request is protected from disclosure by the Pennsylvania Peer Review Act. Notwithstanding these objections, but without waiving them, defendant will produce responsive documents in its possession, custody or control.

Supplemental Response:  Notwithstanding this objection, but without waiving it, all responsive documents for the years 2001 through 2004 have been produced.  See, generally, HMC-00001 through HMC-00423, HMC-00888 through HMC-00890, HMC-00951 through HMC-966, and HMC-01027 through HMC-01165.


15.     Produce a copy of all records referring or relating to academic probation imposed on residents of Hamot's Orthopaedic Residency Program from July 1995 to the present.

Response:  Defendant objects to this request because it seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence, and further objects to the extent it seeks documents related to a time period prior to July 1, 2001. Defendant further objects to this request because disclosure of the requested documents would violate the privacy interests of its current and former residents in the Orthopaedic Surgery Residency Program.  Defendant also objects to the extent information sought by this request is protected from disclosure by the Pennsylvania Peer Review Act. Notwithstanding these objections, but without waiving them, defendant will produce responsive documents in its possession, custody or control.

Supplemental Response:  Notwithstanding this objection, but without waiving it, all responsive documents for the years 2001 through 2004 have been produced.  See,

generally, HMC-00001 through HMC-00423, HMC-00888 through HMC-00890, HMC-00951 through HMC-966, and HMC-01027 through HMC-01165.

16.    Produce a copy of all records referring or relating to the failure of any resident to meet the advancement criteria in the Advancement and Dismissal Policy of Hamot's Orthopaedic Residency Program from July 1995 to the present.

Response:  Defendant objects to this request because it seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence, and further objects to the extent it seeks documents related to a time period prior to July 1, 2001. Defendant further objects to this request because disclosure of the requested documents would violate the privacy interests of its current and former residents in the Orthopaedic Surgery Residency Program.  Defendant also objects to the extent information sought by this request is protected from disclosure by the Pennsylvania Peer Review Act. Notwithstanding these objections, but without waiving them, defendant will produce responsive documents in its possession, custody or control.

Supplemental Response:  Notwithstanding this objection, but without waiving it, all responsive documents for the years 2001 through 2004 have been produced.  See, generally, HMC-00001 through HMC-00423, HMC-00888 through HMC-00890, HMC-00951 through HMC-966, and HMC-01027 through HMC-01165.

17.    Produce a copy of all records referring or relating to the failure of plaintiff to meet the advancement criteria in the Advancement and Dismissal Policy of Hamot's Orthopaedic Residency Program.

Response:  Responsive documents in defendant's possession, custody or control will be produced as requested.

Supplemental Response:  All responsive documents have been produced.  See, generally, HMC-00001 through HMC-00423, HMC-00888 through HMC-00890, HMC-00951 through HMC-966, and HMC-01027 through HMC-01165.


18.     Produce a copy of all letters or written communications placing Lisa Brown on academic probation status at any time.

Response:  Responsive documents in defendant's possession, custody or control will be produced as requested.

Supplemental Response:  All responsive documents have been produced.  See, generally, HMC-00001 through HMC-00423, HMC-00888 through HMC-00890, HMC-00951 through HMC-966, and HMC-01027 through HMC-01165.


19.     Produce a copy of all policy statements about work assignments, educational requirements, program expectations, and job duties of all residents in Hamot's Orthopaedic Residency Program.

Response:  Defendant objects to this request because it is vague, ambiguous, overly broad and unduly burdensome.  Notwithstanding this objection, but without waiving it, defendant will produce responsive documents setting forth policies that were in effect during plaintiff's participation in Hamot's Orthopaedic Surgery Residency Program.

Supplemental Response:  Notwithstanding this objection, but without waiving it, all responsive documents for the years 2001 through 2004 have been produced.  See, generally, HMC-00060 through HMC-00062, HMC-00068 through HMC-00069, HMC-00079 through HMC-00080, HMC-00093 through HMC-000119; see also, HMC-00240 through HMC-00823, HMC-00967 through HMC-01026.

20.     Produce a copy of all performance evaluations for all residents in Hamot's Orthopaedic Residency Program from July 1995 to the present.

Response:  Defendant objects to this request because it seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence, and further objects to the extent it seeks documents related to a time period prior to July 1, 2001. Defendant further objects to this request because disclosure of the requested documents would violate the privacy interests of its current and former residents in the Orthopaedic Surgery Residency Program.  Defendant also objects to the extent information sought by this request is protected from disclosure by the Pennsylvania Peer Review Act. Notwithstanding these objections, but without waiving them, defendant will produce responsive documents in its possession, custody or control.

Supplemental Response:  Notwithstanding this objection, but without waiving it, all performance evaluations and OITE Examinations results for residents that participated in the Program during plaintiff's tenure have been produced.  See HMC-00240 through HMC-00472 and HMC-00484 through HMC-00876.


21.     Produce a copy of all e-mails and electronic documents which refer or relate to Brown's performance in Hamot's Orthopaedic Residency Program.

Response:  Defendant objects to this request because it is overly broad and unduly burdensome, and further objects to the extent it seeks documents protected from discovery by the attorney-client and/or work product privilege.  Notwithstanding these objections, but without waiving them, responsive documents in defendant's possession, custody or control will be produced as requested.

Supplemental Response:  All responsive documents have been produced.  See, generally, HMC-00001 through HMC-00423, HMC-00888 through HMC-00890, HMC-00951 through HMC-966, and HMC-01027 through HMC-01165.

22.    Produce a copy of all documents referring or relating to the modification or elimination of any Orthopaedic Residency Program advancement criteria for plaintiff.

Response:  Responsive documents in defendant's possession, custody or control will be produced as requested.

Supplemental Response:  All responsive documents have been produced.  See, generally, HMC-00001 through HMC-00423, HMC-00888 through HMC-00890, HMC-00951 through HMC-966, and HMC-01027 through HMC-01165.

23.    Produce a copy of all documents referring or relating to plaintiff's absence from residency assignments.

Response:  Responsive documents in defendant's possession, custody or control will be produced as requested.

Supplemental Response:  All responsive documents have been produced.  See, generally, HMC-00001 through HMC-00423, HMC-00888 through HMC-00890, HMC-00951 through HMC-966, and HMC-01027 through HMC-01165.

24.    Produce a copy of all documents referring or relating to other residents' lack of confidence in plaintiff's ability.

Response:  Responsive documents in defendant's possession, custody or control will be produced as requested.

<u>Supplemental Response</u>:  All responsive documents have been produced.  <u>See,</u> <u>generally,</u> HMC-00001 through HMC-00423, HMC-00888 through HMC-00890, HMC-00951 through HMC-966, and HMC-01027 through HMC-01165.


25.    Produce a copy of all documents referring or relating to the assignment of Mary Beth Cermak as plaintiff's preceptor.

<u>Response</u>:  Responsive documents in defendant's possession, custody or control will be produced as requested.

<u>Supplemental Response</u>:  All responsive documents have been produced.  <u>See,</u> <u>generally,</u> HMC-00001 through HMC-00423, HMC-00888 through HMC-00890, HMC-00951 through HMC-966, and HMC-01027 through HMC-01165.


26.    Produce a copy of all documents referring or relating to the February 2004 meeting among plaintiff, Jim Seeds, and Jeff Nechleba.

<u>Response</u>:  Responsive documents in defendant's possession, custody or control will be produced as requested.

<u>Supplemental Response</u>:  All responsive documents have been produced. <u>See,</u> <u>generally,</u> HMC-00001 through HMC-00423, HMC-00888 through HMC-00890, HMC-00951 through HMC-966, and HMC-01027 through HMC-01165.


27.    Produce a copy of all documents interpreting the phrase "proper cause" as used in Section 3, Paragraph 1 of Hamot's Resident Agreement of Appointment in the Graduate Program in Medical Education between Brown and Hamot for the period of July 1, 2003 to June 30, 2004, or in any other Resident Agreement of Appointment.

<u>Response</u>:  Defendant objects to this request to the extent it seeks documents or information subject to the attorney-client and/or work product privilege.  Subject to and

without waiving this objection, responsive documents in defendant's possession, custody or control will be produced as requested.

Supplemental Response:  Notwithstanding this objection, but without waiving it, defendant has no documents that are responsive to this request.

28.    Produce a copy of all Orthopaedic In-Training Examination (OITE) test results for all residents in Hamot's Orthopaedic Residency Program from July 1995 to the present.

Response:  Defendant objects to this request because it seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence, and further objects to the extent it seeks documents related to a time period prior to July 1, 2001. Defendant further objects to this request because disclosure of the requested documents would violate the privacy interests of its current and former residents in the Orthopaedic Surgery Residency Program.  Defendant also objects to the extent information sought by this request is protected from disclosure by the Pennsylvania Peer Review Act. Notwithstanding these objections, but without waiving them, defendant will produce responsive documents in its possession, custody or control.

Supplemental Response:  Notwithstanding this objection, but without waiving it, all responsive documents for the years 2000 through 2004 have been produced.  See HMC-00824 through HMC-00876.

29.    Produce a copy of all documents which refer or relate to how Hamot considers or evaluates resident performance on the OITE.

Response:  Responsive documents in defendant's possession, custody or control will be produced as requested.

Supplemental Response:  Defendant has no documents that are responsive to this request.

30.     Produce a copy of all documents created or reviewed by the Grievance Committee regarding Brown's grievance relating to the non-renewal of her contract with Hamot's Orthopaedic Residency Program.

Response:  Defendant objects to the request to the extent it seeks documents protected from discovery by the Pennsylvania Peer Review Act.  Subject to and without waiving this objective, responsive documents in defendant's possession, custody or control will be produced as requested.

Supplemental Response: All responsive documents have been produced.  See, generally, HMC-00001 through HMC-00423, HMC-00888 through HMC-00890, HMC-00951 through HMC-966, and HMC-01027 through HMC-01165.

31.     Produce a copy of all documents created or reviewed by the Medical Education Committee, Medical Staff Executive Committee, or Board of Directors regarding Brown's grievance relating to her termination from Hamot's Orthopaedic Residency Program.

Response:  Defendant objects to the request to the extent it seeks documents protected from discovery by the Pennsylvania Peer Review Act.  Subject to and without waiving this objective, responsive documents in defendant's possession, custody or control will be produced as requested.

Supplemental Response: All responsive documents have been produced.  See, generally, HMC-00001 through HMC-00423, HMC-00888 through HMC-00890, HMC-00951 through HMC-966, and HMC-01027 through HMC-01165.

32.    Produce a copy of all documents, including notes and e-mails, presented to the Medical Education Committee, Medical Staff Executive Committee, or Board of Directors regarding the non-renewal of plaintiff's contract or the consideration of her grievance.

Response:  Defendant objects to the request to the extent it seeks documents

protected from discovery by the Pennsylvania Peer Review Act.  Subject to and without

waiving this objective, responsive documents in defendant's possession, custody or

control will be produced as requested.

Supplemental Response: All responsive documents have been produced.  See,

generally, HMC-00001 through HMC-00423, HMC-00888 through HMC-00890, HMC-

00951 through HMC-966, and HMC-01027 through HMC-01165.

33.    Produce a copy of all documents, including notes and e-mails, reviewed by the Medical Education Committee, Medical Staff Executive Committee, or Board of Directors regarding the non-renewal of plaintiff's contract or the consideration of her grievance.

Response:  Defendant objects to the request to the extent it seeks documents

protected from discovery by the Pennsylvania Peer Review Act.  Subject to and without

waiving this objective, responsive documents in defendant's possession, custody or

control will be produced as requested.

Supplemental Response: All responsive documents have been produced.  See,

generally, HMC-00001 through HMC-00423, HMC-00888 through HMC-00890, HMC-

00951 through HMC-966, and HMC-01027 through HMC-01165.

34.    Produce a copy of all documents, including notes and e-mails, that were created as a result of the review by the Medical Education Committee, Medical Staff Executive Committee, or Board of Directors of the non-renewal of plaintiff's contract or the consideration of her grievance.

Response:  Defendant objects to the request to the extent it seeks documents protected from discovery by the Pennsylvania Peer Review Act.  Subject to and without waiving this objective, responsive documents in defendant's possession, custody or control will be produced as requested.

Supplemental Response: All responsive documents have been produced.  See, generally, HMC-00001 through HMC-00423, HMC-00888 through HMC-00890, HMC-00951 through HMC-966, and HMC-01027 through HMC-01165.

35.    Produce a copy of all documents created or stored by the Department of Human Resources or its equivalent regarding Brown's performance, performance evaluations, non-renewal of contract, and grievance.

Response:  Defendant objects to the request to the extent it seeks documents protected from discovery by the Pennsylvania Peer Review Act.  Subject to and without waiving this objective, responsive documents in defendant's possession, custody or control will be produced as requested.

Supplemental Response: All responsive documents have been produced.  See, generally, HMC-00001 through HMC-00423, HMC-00888 through HMC-00890, HMC-00951 through HMC-966, and HMC-01027 through HMC-01165.

36.    Produce a copy of all documents that refer or relate to any training provided to, or attended by, the faculty of resident programs regarding equal employment opportunity (such as the Civil Rights Act of 1964; the Age Discrimination in Employment Act; the Americans with Disabilities Act; or the Pennsylvania Human Relations Act), or Hamot personnel rules.

Response:  Defendant objects to this requests because it seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence.  Subject to and

without waiving this objection, defendant will produce responsive documents in its possession, custody or control.

Supplemental Response:  Notwithstanding this objection, but without waiving it, defendant has no documents that are responsive to this request.

37.    Produce a copy of all documents referring or relating to any production or exchange of information about plaintiff's performance by, between, or among the following persons:  John D. Lubahn; John T. Malone; James A. Pepicello; Donald K. Inderlied; John D. Albert, II; or Pat Rogers.

Response:  Responsive documents in defendant's possession, custody or control will be produced as requested.

Supplemental Response: All responsive documents have been produced.  See, generally, HMC-00001 through HMC-00423, HMC-00888 through HMC-00890, HMC-00951 through HMC-966, and HMC-01027 through HMC-01165.

38.    Produce a copy of all performance valuations, or their equivalent, for attending physicians and faculty in the Orthopaedic Residency Program.

Response:  Defendant objects to this request because it seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence, and further objects to the extent it seeks documents related to a time period prior to July 1, 2001. Defendant further objects to this request because disclosure of the requested documents would violate the privacy interests of its current and former residents in the Orthopaedic Surgery Residency Program.  Defendant also objects to the extent information sought by this request is protected from disclosure by the Pennsylvania Peer Review Act.

Supplemental Response:  Notwithstanding this objection, but without waiving it, all Confidential Evaluations of Faculty for the years 2001 through 2004 have been produced.  See, generally, HMC-00898 through HMC-00950; see also, HMC-00473 through HMC-00483.

39.    Produce a copy of all personnel files of attending physicians and faculty of the Orthopaedic Residency Program from July 1995 to the present.

Response:  Defendant objects to this request because it seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence, and further objects to the extent it seeks documents related to a time period prior to July 1, 2001. Defendant further objects to this request because disclosure of the requested documents would violate the privacy interests of its current and former residents in the Orthopaedic Surgery Residency Program.  Defendant also objects to the extent information sought by this request is protected from disclosure by the Pennsylvania Peer Review Act. Notwithstanding these objections, but without waiving them, defendant will produce responsive documents in its possession, custody or control.

Supplemental Response:  Notwithstanding this objection, but without waiving it, all Confidential Evaluations of Faculty for the years 2001 through 2004 have been produced.  See, generally, HMC-00898 through HMC-00950; see also, HMC-00473 through HMC-00483.

40.    Produce copies of all diaries, calendars, telephone logs, appointment books, and e-mail from the following persons with entries that refer or relate to Lisa Brown: John D. Lubahn; John T. Malone; James A. Pepicello; Donald K. Inderlied; John D. Albert, II; and Pat Rogers.

Response:  Defendant objects to this request because it is overbroad and unduly burdensome and because it seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence.  Notwithstanding this objection, but without waiving, defendant will produce responsive documents in its possession, custody or control.

Supplemental Response: All responsive documents have been produced.  See, generally, HMC-00001 through HMC-00423, HMC-00888 through HMC-00890, HMC-00951 through HMC-966, and HMC-01027 through HMC-01165.

41.    Produce a copy of all written complaints made or filed against Hamot for employment discrimination from July 1995 to the present.

Response:  Defendant objects to this request because it is overbroad and unduly burdensome and because it seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence.  Defendant further objects to the request to the extent it seeks documents related to the time period prior to July 1, 2001.

Supplemental Response: All responsive documents have been produced for the period beginning in 2001 through the present.  See, generally, HMC-00001 through HMC-00423, HMC-00951 through HMC-966, and HMC-01027 through HMC-01165; see also, HMC-00893 through HMC-00897.

42.    Produce a copy of all documents which refer to breach of employment contracts involving Hamot from 1995 to the present.

Response:  Defendant objects to this request because it is overbroad and unduly burdensome and because it seeks documents that are neither relevant nor likely to lead to

the discovery of admissible evidence.  Defendant further objects to the request to the extent it seeks documents related to the time period prior to July 1, 2001.

Supplemental Response: All responsive documents have been produced for the period beginning in 2001 through the present.  See, generally, HMC-00001 through HMC-00423, HMC-00951 through HMC-966, and HMC-01027 through HMC-01165; see also, HMC-00891 through HMC-00897.


43.    Produce a copy of all complaints, derogatory information, or its equivalent about the performance of attending physicians in the Orthopaedic Residency Program from any source, including patients, residents, staff, or colleagues, from 1995 to the present.

Response:  Defendant objects to this request because it is overbroad and unduly burdensome and because it seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence.  Defendant further objects to the request because it seeks information and/or documents protected from discovery by Pennsylvania Peer Review Act.

Supplemental Response: Notwithstanding this objection, but without waiving it, all Confidential Evaluations of Faculty for the years 2001 through 2004 have been produced.  See, generally, HMC-00898 through HMC-00950; see also, HMC-00473 through HMC-00483.


44.    Produce a copy of all documents that support your defenses to the Complaint filed by Brown against Hamot in the United States District Court for the Western District of Pennsylvania.

Response:  Responsive documents in defendant's possession, custody or control will be produced as requested.

Supplemental Response:  All responsive documents have been produced.


45.    Produce a copy of all statements, interviews, or reports which Hamot has obtained from any individuals regarding the claims in plaintiff's Complaint.

Response:  Defendant objects to this request to the extent it seeks disclosure of information that is protected by the attorney-client privilege or the work product doctrine and/or the Pennsylvania Peer Review Act.

Supplemental Response:  Notwithstanding this objection, but without waiving it, all non-privileged documents have been produced.  See, generally, HMC-00001 through HMC-00423, HMC-00888 through HMC-00890, HMC-00951 through HMC-966, and HMC-01027 through HMC-01165.

Respectfully submitted,


TOBIN, O'CONNOR, EWING & RICHARD


By   /s/ Ziad Haddad
        Kerry M. Richard, Esq.
        Ziad P. Haddad, Esq.
        Forrest G. Read, IV, Esq.
        5335 Wisconsin Ave., N.W. Suite 700
        Washington, DC  20015
        (202) 362-5900

        Counsel for Defendant
        Hamot Medical Center

Local Counsel:

KNOX McLAUGHLIN GORNALL &
SENNETT, P.C.
Mark J. Kuhar, Esq.
120 West Tenth Street
Erie, Pennsylvania 16501-1461
(814) 459-2800

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of November, 2005, a true and correct copy of the foregoing was served by telecopy and by first class mail to:

Patrick Sorek, Esq.
Leech Tishman Fuscaldo & Lampl, LLC
Citizens Bank Building, 30th Flr.
525 William Penn Place
Pittsburgh, PA  15219


/s/ Ziad Haddad
Ziad Haddad