IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA BROWN, M.D., | ) |
| | ) |
|    Plaintiff | ) |
| | ) |
|         v. | )   Civil Action No. 05-32E |
| | ) |
| HAMOT MEDICAL CENTER, | ) |
| | ) |
|    Defendant | ) |

**DEFENDANT'S MOTION TO COMPEL PLAINTIFF
TO APPEAR FOR THE COMPLETION OF HER DEPOSITION**

Defendant Hamot Medical Center ("defendant" or "Hamot") hereby requests an Order compelling plaintiff Lisa Brown ("plaintiff" or "Dr. Brown") to appear for the completion of her deposition and to reimburse defendant for the additional cost it has and will continue to incur as a result of her refusal to complete her deposition. In support of this motion, defendant states as follows:

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On November 7, 2005, defendant served plaintiff with its interrogatories and document requests. At that time, defendant also noticed plaintiff's deposition for December 6, 2005.

In early December, counsel for the parties agreed to postpone plaintiff's deposition. During those discussions, undersigned counsel for defendant made it clear to plaintiff's counsel, Patrick Sorek, that Dr. Brown's deposition may require more than seven hours. In fact, as reflected in an e-mail correspondence to Mr. Sorek dated December 1, 2005, the undersigned made a specific effort to confirm her plan with Mr. Sorek "to depose Lisa Brown on Thursday 12/15 starting around noon . . . and continuing for up to 7 hours that day." See Exhibit 1. The undersigned also went on to say that, "if necessary, we can continue Lisa's deposition on

Saturday 12/17." Id.  In response, Mr. Sorek indicated his agreement with this plan, and the undersigned proceeded to issue a deposition notice to Dr. Brown for both days.  See Exhibit 2.

On December 14, 2005, one day before the start of plaintiff's deposition, the undersigned received plaintiff's discovery responses.  Plaintiff's discovery responses were inadequate and incomplete.  As a result, for much of Dr. Brown's deposition, the undersigned was forced to extract information from plaintiff that should have been provided in her written responses.[1]

On December 15, 2005, the first day of Dr. Brown's deposition, undersigned counsel again made it clear to Mr. Sorek that she would need several hours to conclude the deposition on December 17.  Indeed, when Mr. Sorek suggested squeezing in the remainder of Dr. Brown's deposition on Friday, December 16, the undersigned informed Mr. Sorek that that would not be possible given the considerable length of time she felt would be necessary to conclude Dr. Brown's deposition.  Shortly thereafter, at the conclusion of day one of Dr. Brown's deposition, the undersigned also informed the court reporter, in Mr. Sorek's presence, that the continuation of Dr. Brown's deposition that Saturday would take from 9:30 a.m. until at least 2:00 p.m.  On both occasions, Mr. Sorek raised no objection whatsoever.

At approximately 11:30 on the morning of December 17, 2005, nearly two hours into the continuation of plaintiff's deposition, Mr. Sorek announced for the first time that plaintiff intended to invoke the seven-hour rule for depositions set forth in Federal Rule 30(d)(2) and terminate the deposition at noon.[2]  Remarkably, at no point prior to or during the first day of Dr. Brown's deposition did Mr. Sorek even suggest that plaintiff had any intention of stopping the

---

[1] Counsel for both parties are currently in the process of trying to resolve their dispute concerning plaintiff's written discovery without the need for court intervention.  As reflected in Exhibit 4 hereto, plaintiff has agreed to supplement some of her responses.  Defendant will refrain from filing any motion concerning its interrogatories and document requests to plaintiff until it has had the opportunity to review plaintiff's supplemental responses.

[2] On December 14, 2005, plaintiff was deposed for approximately five hours, from 2:00 p.m. to 6:54 p.m.

-2-

deposition at the seven hour mark. Instead, Mr. Sorek waited until the second day of Dr. Brown's deposition to advise defense counsel that he would be ending the deposition within twenty minutes.

Mr. Sorek's decision to prematurely terminate the deposition is particularly troublesome given the extraordinary length of time plaintiff required to ponder and formulate her response to each question posed during her deposition. Undersigned counsel has never taken a deposition in which the witness has taken so long to respond to questions or to review documents plaintiff herself created or produced. Indeed, even the court reporter commented on the extraordinary pauses between counsel's questions and Dr. Brown's responses.

On January 12, 2006, the undersigned faxed and mailed a letter to Mr. Sorek requesting that he reconsider plaintiff's decision to terminate her deposition prematurely. See Exhibit 3. On January 24, 2006, Mr. Sorek responded to the undersigned's letter, declining to make plaintiff available. See Exhibit 4. Significantly, although Mr. Sorek disputes the undersigned's interpretation of counsels' e-mail exchange concerning Dr. Brown's deposition, he does not dispute that on two occasions on December 15, the undersigned suggested that the completion of Dr. Brown's deposition on December 17 would require a considerable amount of time. Nor does Mr. Sorek dispute that plaintiff took unusually long pauses in responding to questions and in reviewing documents during her deposition. To the contrary, Mr. Sorek openly admits that plaintiff's notable delays in responding to questions stemmed from her purported efforts to be "careful and conscientious – apparently to a fault." Id. at 1 (emphasis added).

**II.    ARGUMENT**

    **A.    Plaintiff Should Be Ordered To Appear For The Completion Of Her Deposition**

Recognizing that Dr. Brown is the single most important witness in this case, defendant has taken no depositions in this case other than the plaintiff's deposition. Yet, in an apparent effort to frustrate defendant's fair examination of the plaintiff and to cause defendant to incur additional expense, Dr. Brown decided to abruptly conclude her deposition without prior warning and is now refusing to submit to the completion of her deposition. To accomplish this goal, Dr. Brown has improperly invoked Rule 30(d)(2)'s time limitation on deposition. For the following reasons, this Court should require Dr. Brown to appear for the completion of her deposition and further require her to reimburse defendant for the additional cost it incurred as a result of her refusal to complete her deposition.

    Rule 30(d)(2) provides as follows:

> Unless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours. The court must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination.

See Rule 30(d)(2) of the Federal Rules of Civil Procedure. The Advisory Committee Notes to this Rule further state that "[i]t is expected that in most instances the parties and the witness will make reasonable accommodations to avoid the need for resort to the court . . . . <u>Preoccupation with timing is to be avoided</u>." <u>Id.</u> (emphasis added).

    As previously set forth, on three separate occasions, undersigned counsel made it clear to Mr. Sorek that Dr. Brown's deposition would require more than seven hours. Yet, for reasons Mr. Sorek has yet to provide, plaintiff failed to mention at any time prior to December 17 her intention to terminate the deposition at the seven hour mark. Indeed, as reflected in Mr. Sorek's

response to the undersigned's proposed deposition plan in the attached e-mail correspondence, it appears that neither Mr. Sorek nor plaintiff had an issue with extending the deposition beyond the seven hour mark. Moreover, Mr. Sorek failed to object when, on two separate occasions on December 15, it was suggested to him that the completion of the deposition on December 17 would require more than a total of seven hours. Under these circumstances, plaintiff should be deemed to have stipulated to an extension of the deposition beyond the seven hour rule.

Even if plaintiff did not waive the time limit set forth in Rule 30(d)(2), several reasons exist for granting defendant additional time to depose Dr. Brown. First, defendant has taken no deposition to date other than Dr. Brown's, and there can be no dispute that she is the only witness with first hand knowledge of many if not all of the material allegations. Defendant would therefore suffer extreme prejudice if it was not permitted to complete her deposition. Second, whether by design or by nature, Dr. Brown took an extraordinary amount of time to respond to questions posed and review documents presented to her during her deposition, thereby preventing defense counsel from completing the deposition in the time granted. Indeed, plaintiff's attorney concedes this point in his January 25 letter. See Exhibit 4. Regardless of the reasons for plaintiff's abnormally protracted response times, it would most certainly be unfair to punish defendant by imposing a time limit that does not account for plaintiff's unique processing requirements. Third, due to the deficiencies in Dr. Brown's written discovery responses, defense counsel was required to devote a substantial amount of time extracting basic information from plaintiff that should have been provided. Defendant should not be penalized for plaintiff's failure to meet her discovery obligations.

Simply put, defendant has not in fact been able to fairly and fully examine Dr. Brown concerning the allegations in this case. There is no other available witness and no other available

means for defendant to obtain information necessary to the preparation of its defense in this case. Thus, denying Hamot an opportunity to complete Dr. Brown's deposition would effectively cripple the preparation of Hamot's defense. In a case in which Dr. Brown hopes to recover several million dollars, defendant should, at a minimum, be given a full and fair opportunity to learn what Dr. Brown knows and intends to say at trial.

**B.  Plaintiff Should Be Required To Reimburse Defendant For The Fees And Costs Incurred In Connection With This Motion And The Continuation Of Plaintiff's Deposition**

In addition to requiring plaintiff to appear for the completion of her deposition, plaintiff should be required to reimburse defendant for the additional cost it has and will continue to incur as a result of her refusal to complete her deposition. In connection with this request, Rule 30(d)(2) provides as follows:

> If the court finds that any impediment, delay or other conduct has frustrated the fair examination of the deponent, it may impose upon the persons responsible an appropriate sanction, including the reasonable costs and attorney's fees incurred by any parties as a result thereof.

Rule 30(d)(2) of the Federal Rules of Civil Procedure.

It is difficult, if not impossible, to imagine that neither plaintiff nor her counsel contemplated that the undersigned intended to spend more than seven hours taking plaintiff's deposition. In fact, as reflected in the attached e-mail, Mr. Sorek was advised that the undersigned intended to depose Ms. Brown for seven hours on December 15 and complete the deposition on December 17. Yet, Mr. Sorek said nothing. Nor did Mr. Sorek object when, on two occasions on December 15, the undersigned suggested that plaintiff's deposition on December 17 would exceed a total of seven hours. Instead, Mr. Sorek waited until twenty minutes prior to the seven hour mark – and at a time when no court was available to promptly

resolve the dispute – to announce plaintiff's intention to terminate the deposition. Aside from causing defendant to incur the cost of filing this motion, these actions will further require defendant to incur the additional cost of having the undersigned travel from Washington, D.C. to Erie to argue this motion and to attend the continuation of Dr. Brown's deposition. Given these circumstances, plaintiff should be required to reimburse defendant for these costs.

### III. CONCLUSION

For all of the forgoing reasons, defendant requests an Order compelling plaintiff to appear for the completion of her deposition and to reimburse defendant for the additional cost it has and will continue to incur as a result of her refusal to complete her deposition.

Respectfully submitted,

TOBIN, O'CONNOR, EWING & RICHARD

/s/ Kerry M. Richard
Kerry M. Richard, Esq.
Ziad P. Haddad, Esq.
Forrest G. Read, IV, Esq.
5335 Wisconsin Ave., N.W. Suite 700
Washington, DC  20015
(202) 362-5900

Counsel for Defendant
Hamot Medical Center

Local Counsel:

KNOX McLAUGHLIN GORNALL &
SENNETT, P.C.
Mark J. Kuhar, Esq.
120 West Tenth Street
Erie, Pennsylvania 16501-1461
(814) 459-2800

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by first class, United States mail, postage pre-paid on the 27th day of January, 2006 on the following:

Patrick Sorek, Esq.
Leech Tishman Fuscaldo & Lampl, LLC
525 William Penn Place, 30th Floor
Pittsburgh, PA 15219

/s/ Ziad Haddad
Ziad Haddad