# Tobin O'Connor Ewing & Richard

Attorneys at Law
A Partnership of Professional Corporations

*Practicality in Practice*

Kerry M. Richard
Direct Dial (202) 362-5900 ext. 219
kmrichard@tobinoconnor.com

January 12, 2006

**By Telecopy and First-Class Mail**

Patrick Sorek, Esq.
Leech Tishman Fuscaldo & Lampl, LLC
Citizens Bank Building, 30th Flr.
525 William Penn Place
Pittsburgh, PA 15219

Re: **Brown v. Hamot Medical Center**

Dear Patrick:

I am writing in the hopes of resolving various discovery-related issues without the need for court intervention.

First, I would like for you to reconsider your decision to put an immediate stop to Dr. Brown's deposition on December 17, 2005. In the days preceding Dr. Brown's deposition, I made it clear to you that Dr. Brown's deposition may require more than seven hours. In fact, as reflected in my enclosed e-mail correspondence to you dated December 1, 2005, I made a specific effort to confirm with you my "plan to depose Lisa Brown on Thursday 12/15 starting around noon . . . and continuing for up to 7 hours that day." I also went on to say that, "if necessary, we can continue Lisa's deposition on Saturday 12/17." You indicated your agreement with this plan, and I proceeded to issue a deposition notice to Dr. Brown for both days.

Moreover, I specifically recall two discussions with you on the first day of Dr. Brown's deposition, in which I made it clear to you (and on one occasion to the court reporter) that I would need several hours on the 17th to conclude the deposition. You may recall that when you suggested squeezing in the remainder of Dr. Brown's deposition on Friday, December 16, I informed you that that would not be possible given the considerable length of time I felt would be necessary to conclude Dr. Brown's deposition. You may also recall my informing the court reporter at the conclusion of day one of Dr. Brown's deposition that the continuation of her deposition that Saturday would take from 9:30 a.m. until at least 2:00 p.m.

Remarkably, at no point prior to or during the first day of Dr. Brown's deposition did you even suggest that you had any intention of stopping the deposition at the seven

5335 Wisconsin Avenue, NW
Suite 700
Washington, DC 20015
Phone 202-362-5900
Fax 202-362-5901
www.tobinoconnor.com

EXHIBIT 3

Patrick Sorek, Esq.
January 12, 2006
Page 2 of 4

hour mark. Instead, you waited until the second day of Dr. Brown's deposition to advise me that you would be ending the deposition within twenty minutes. Your decision to prematurely terminate the deposition is particularly troublesome given what I now realize were delay tactics employed by Dr. Brown throughout her deposition. I have never taken a deposition in which the witness has taken so long to respond to my questions or to review documents she created or produced. Even my client and the court reporter commented on the extraordinary pauses between my questions and Dr. Brown's responses. At the time, believing we had waived the seven (7) hour rule, I – perhaps naively – assumed that Dr. Brown was having difficulty focusing – and I chose not to rush her. I now suspect far different motives were at work.

It should further be noted that in Dr. Brown's case, Dr. Brown's inadequate answers to interrogatories and document requests forced me to spend a great deal of time in depositions asking questions that should have already been answered. See our objections to your discovery response below. Most certainly, had you not led me to believe that the seven (7) hour rule had been waived, I would have skipped those questions in favor of filing a motion to compel. My approach should have been cost efficient and should have avoided the necessity of court intervention.

Given the circumstances, I am confident that the court would require Dr. Brown to make herself available for the completion of her deposition. I hope that you will agree, and provide me with her available dates during the weeks of January 23 and/or January 30, 2006. In the event that I do not hear anything back from you on this issue on or before January 13, 2006, I will file the appropriate motion with the court, and will seek all attorney's fees and costs incurred in my having to return to Erie for the conclusion of Dr. Brown's deposition.

In addition, Dr. Brown's interrogatory answers and responses to document requests are incomplete and must be supplemented. With respect to Hamot's interrogatories, Dr. Brown failed to provide the following requested information:

Interrogatory No. 1 – Dr. Brown failed to identify the particular interrogatories for which each person was contacted or supplied information.

Interrogatory No. 2 – It appears that Dr. Brown only provided the identity of persons with knowledge of her "emotional damages." The scope of this interrogatory was not limited to persons with knowledge of Dr. Brown's emotional damages. Rather, Dr. Brown must provide the identity of all persons having discoverable information that supports a position that she has taken or intends to take in this Litigation.

Interrogatory No. 5 – Dr. Brown must identify the documents produced regarding her performance that she does not recall seeing at any time before her termination from the program.

Interrogatory No. 7 – This interrogatory requests that Dr. Brown identify instances in which she was advised in writing or verbally that she was not adequately performing her duties and responsibilities. Dr. Brown's answer merely identifies documents that she produced. To the extent that Dr. Brown recalls any instance not reflected in the documents produced in which she was verbally advised of her inadequate performance, such instance must be described. In addition, Dr. Brown must identify the documents produced regarding her performance that she does not recall seeing at any time before her termination from the program.

Interrogatory No. 8 – For each incident identified in her answer, Dr. Brown must identify all persons present and all persons to whom she or someone on her behalf reported the incident.

Interrogatory No. 12 – Dr. Brown must identify any documents that relate to each category of her alleged non-monetary damages.

Interrogatory No. 13 – Dr. Brown must describe the reasons for her consultation or produce the records that set forth the reasons. Dr. Brown cannot on the one hand claim that she sustained emotional damages and diminished health and then refuse to provide information substantiating or refuting said claim.

Interrogatory No. 15 – There is nothing vague, ambiguous or overbroad about this request that Dr. Brown identify verbal communications related to her termination. This information is clearly relevant to determining what Dr. Brown was told were the reasons for her termination and what she herself understood the reasons to be. If, for example, anyone suggested to Dr. Brown that she was terminated for discriminatory reasons, as she contends, then Hamot is entitled to know the identity of this person in order to investigate the basis of any such claim. If, on the other hand, Dr. Brown had discussions in which she was advised that her termination was for performance-based reasons, then Hamot is entitled to know the identity of the individuals so that they can be interviewed regarding, among other things, Dr. Brown's reaction to or acknowledgment of the reasons discussed with her. Simply put, Dr. Brown's response to this request is evasive and hardly complies with her discovery obligations.

Dr. Brown also must supplement the following responses to document requests:

Document Request No. 11 – Dr. Brown's stated objection to this request is nonsensical and provides no explanation of what documents she has produced versus those she is refusing to produce. In any event, Dr. Brown cannot legitimately contend that this request is overbroad or that it seeks non-relevant information, when she herself requested such documents in her requests for both her and all other residents since 1995.

5335 Wisconsin Avenue, NW
Suite 700
Washington, DC 20015

Phone 202-362-5900
Fax 202-362-5901
www.tobinoconnor.com

<u>Document Request No. 12</u> – Again, Dr. Brown's stated objection to this request is nonsensical, and provides no explanation of what documents she has produced versus those she is refusing to produce.

<u>Document Requests Nos. 24 and 25</u> – The documents requested, including Dr. Brown's tax forms, are entirely relevant to Dr. Brown's alleged damages and/or her duty to mitigate damages, and therefore they must be produced. The limited documents produced by Dr. Brown do not establish the total amount she has in fact earned since her termination.

<u>Document Request No. 30</u> – By her own admission, Dr. Brown has sought medical treatment since her termination from Hamot. <u>See</u> Answer to Interrogatory No. 13. To the extent Dr. Brown will be seeking to recover any amount for her emotional and/or mental suffering she allegedly sustained as a result of her termination, she must produce any records that relate to those damages.

Please provide me with Dr. Brown's supplemental responses no later than January 18, 2006, or I will file a motion to compel further responses with the court.

As for your discovery requests, I received your recent request for additional access to the documents Hamot made available to you on December 29, 2005. I will obtain two back-to-back dates. Please confirm that you only require further access to the paper documents, and not to the electronic records that were previously made available to you (i.e., the patient complaint database, the archived ERAS records, and/or the GME Toolkit data). If you are seeking access to the electronic records again, I will need some additional time to coordinate that.

If you have any questions, please call me.

Sincerely,

Kerry M. Richard

Enclosure