

# LEECH TISHMAN
# FUSCALDO & LAMPL
### ATTORNEYS AT LAW

LEECH TISHMAN
FUSCALDO & LAMPL, LLC

525 WILLIAM PENN PLACE
30TH FLOOR
PITTSBURGH, PA 15219

412-261-1600
412-227-5551 FAX
www.leechtishman.com

Patrick Sorek
psorek@leechtishman.com
412-560-1398 x 250 Direct Dial

January 24, 2006

By facsimile
202-362-5901

Kerry M. Richard
Ziad Haddad
Tobin O'Connor Ewing & Richard
5335 Wisconsin Avenue, NW, Suite 700
Washington, DC 20015

Re: *Lisa Brown, M.D. v. Hamot Medical Center*
Civil Action No. 05-32 E (W.D. Pa.)

Dear Kerry:

This is in response to your January 12, 2006 letter about plaintiff's discovery.

The most prominent issue concerns the length of Dr. Brown's deposition. First, for whatever it's worth, I can assure you that nothing she or I did was for the purpose of posturing or gaining some unfair strategic advantage. I know you have another view, but our actions were consistent with the governing rules. In terms of her answering questions, you seem to harbor some suspicions about her (or my) motives. I will suggest the following. Many questions plaintiff might have had difficulty answering were about events many years ago, such as college courses. In addition, plaintiff strives to be careful and conscientious -- apparently to a fault. Certainly an accurate and thorough answer to a deposition question can take time some time to compose, especially for someone in the habit of being thorough. Finally, reviewing the difficult personal circumstances of her life, as you did in fair detail, and especially plaintiff's experience at Hamot, has been a life- and mind-altering traumatic experience. It is extremely difficult to relive. You are free to label it as you like. I remain quite comfortable asking a jury to accept the above explanation for her testimony, in contrast to anything Hamot might believe or assert.

With regard to the ending of the deposition, we believe you and Hamot were significantly accommodated beyond the rules, more in line with common courtesy. To accommodate your flight schedule, plaintiff agreed beforehand to continue the deposition on Saturday, December 17, 2005 should it not be finished on the day

H:\Brown\Case\Brown\LtrCard_9.doc

EXHIBIT
4



January 24, 2006
Page 2

scheduled -- Thursday, December 15, 2005. This is where confusion apparently arose. The offer to continue on Saturday, December 17, was intended to provide an assurance of availability if seven hours were not used on Thursday December 15. It was not intended to be an open-ended invitation to question plaintiff as long as possible on December 17. Dr. Brown volunteered some flexibility on December 15 to accommodate other potential commitments. It turned out this foresight was necessary. The court reporter had a child care commitment that required her to leave the deposition at 7:00 p.m.

You are no doubt familiar with attorneys who would take the following position: the deposition was set for noon; the deponent was available at noon; opposing counsel's travel difficulties are not plaintiff's problem; and the way to avoid potential loss of deposition time is to arrive the night before. We did nothing of the sort.

In addition, Dr. Brown did not leave the deposition abruptly. She remained until 11:30 a.m. She then gave Hamot until noon to complete the deposition, a portion of which was used by counsel stating their positions; and remained until 12:20 p.m., until counsel was finished with a particular exhibit.

In sum, the governing Federal Rule provides a time limit. The Rules also provide for altering the time limit. Fed.R.Civ.P. 29. Where the litigant is subject to such personal distress from a deposition, (not from the conduct of the questioner, about which there is no objection), because of being compelled to relive the events in detail, it is unlikely she would extend the deposition without some overriding reason. None has been presented yet. Accordingly, plaintiff will not submit to additional questioning.

Despite some unacceptable positions on discovery (which I believed to be inconsistent with governing rules), I also believe we have a cooperative relationship on a personal level, which I value. Invoking governing rules on behalf of plaintiff is a professional obligation, which is the sum and substance of the explanation for the decision to end her deposition.

With regard to your objections to plaintiff's specific responses, plaintiff replies as follows.



January 24, 2006
Page 3

      Interrogatory No. 1. This objection borders on harassment. Plaintiff, her fiancée, and her attorney were identified in this question. Dr. Brown supplied the answers to discovery. Mr. Cuzzola is familiar with the events surrounding her residency and termination, and the effects Hamot's decision has had on her. You have questioned plaintiff for more than seven hours, and have the opportunity to question Mr. Cuzzola. No other response written response will be forthcoming.

      Interrogatory No. 2. This objection also has little if any merit. Other than the persons named, plaintiff cannot reliably state at the present time who has discoverable information "that tends to support [her] position." As you know, the persons with relevant evidence are almost exclusively Hamot employees. Moreover, plaintiff cannot reliably state who has evidence that "tends to support her position" until after they are deposed.

      Interrogatory No. 5. Plaintiff stands by her response. Hamot's objection is not covered by the text of the interrogatory. To continue the progress of discovery, however, plaintiff will provide this information in the next ten days.

      Interrogatory No. 7. Plaintiff stands by her response. Plaintiff does not recall other instances of verbal evaluations of her performance that were not reduced to writing. With regard to documents in her personnel file about her performance that she had never seen until termination, plaintiff will provide this information in the next ten days.

      Interrogatory No. 8. The events plaintiff identifies involve almost exclusively Hamot employees, Hamot facilities, and Hamot documents. Given the information provided, therefore, the information sought is at least as accessible from Hamot personnel and records as it is from plaintiff. Fed.R.Civ.P. 26(b)(2). To continue the progress of discovery, however, plaintiff will provide additional information in the next ten days.

      Interrogatory No. 12. Hamot's objection has no merit. Plaintiff's non-monetary damages relate primarily to her emotional damages. Other than medical information, her emotional damages have not been the subject of documentary study. To continue the progress of discovery, however, plaintiff will request her medical records directly and provide this information to Hamot as soon as it is received and reviewed.



January 24, 2006
Page 4

       Interrogatory No. 13. Plaintiff had no records concerning her health care treatment, which were in the possession of the professionals she consulted. The reasons she consulted such professionals are set forth in the records they have. To continue the progress of discovery, however, plaintiff will request her medical records directly and provide this information to Hamot as soon as it is received and reviewed. Fed.R.Civ.P. 33(d).

       Interrogatory No. 15. Plaintiff stands by her response. Hamot requested "all verbal communication" between her and "any officer, employee or agent of Hamot," a request that is facially overbroad. Moreover, any information about who has spoken to Dr. Brown is accessible to Hamot from its own employees. No additional response will be forthcoming.

       Document Request No. 11. Plaintiff has provided responsive documents to Hamot. This request is facially overbroad, in that every document, from her application to her termination, including parking information, laundry schedules, and notices of meetings "relate to [her] participation" in Hamot's residency program. Moreover, this information is equally accessible by Hamot.
       Hamot appears confused about plaintiff's discovery obligations. As set forth in her original response, plaintiff has not refused to produce responsive documents, an action seemingly in the nature of withholding documents for privilege. Plaintiff has provided the responsive documents that she has. No additional response will be forthcoming.

       Document Request No. 12. This request is indefensibly overbroad, in that it covers "any and all written communications" between plaintiff and Hamot. The documents in plaintiff's possession responsive to other discovery requests and consisting of written communication nonetheless have been provided. Moreover, this information is equally accessible by Hamot. Finally, by definition in her original response, plaintiff is not refusing to produce documents. No additional response will be forthcoming.

       Document Request Nos. 24 and 25. The information Hamot seeks in these requests is cumulative to information it currently possesses. To continue the progress of discovery, however, plaintiff will provide the requested federal income tax information in the next ten days.

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com



**LEECH TISHMAN FUSCALDO & LAMPL**
ATTORNEYS AT LAW

January 24, 2006
Page 5

Document Request No. 30. Plaintiff does not maintain her personal medical records in her possession. To continue the progress of discovery, however, plaintiff will request her medical records directly and provide this information to Hamot as soon as it is received and reviewed. Fed.R.Civ.P. 33(d).

I would like to complete the review of Hamot's most recent production soon. I do not need access to the electronic records. I may be able to complete the review in a day by bringing a paralegal, or by some other arrangement for copying we might discuss.

Sincerely,

Leech Tishman Fuscaldo & Lampl, LLC

Patrick Sorek