IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA BROWN, M.D., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HAMOT MEDICAL CENTER, )<br>)<br>Defendant. ) | Civil Action No. 05-32 E |

PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION
OF JANUARY 30, 2006 ORDER GRANTING MOTION TO COMPEL

By Order dated January 30, 2006, the Court required plaintiff to submit to additional questioning by deposition. The Court apparently was sufficiently persuaded of the merits of defendant's ("Hamot") position to order continuation of the deposition on the next business day following Hamot's motion, without obtaining a response from plaintiff ("Brown"). The Court also invited the submission of Hamot's expenses in making the motion and continuing the deposition as part of its Order.

Brown submits the following in requesting the court to reconsider its order in part, and to provide what Brown desires to present as information she considers necessary about this dispute.

A.  Standard of Decision

A motion for reconsideration may be granted to consider evidence not previously available; to consider an intervening change in controlling law; or to correct a clear error of law or prevent manifest injustice. See, e.g., New Chemic, Inc. v. Fine Grinding Corp., 948 F. Supp. 17, 18-19 (E.D. Pa. 1996) (citations omitted).

Federal Rule of Civil Procedure 37(a)(4)(A) mandates an opportunity to be heard before requiring the payment of expenses. The Fifth Amendment's Due Process clause includes the same requirement before imposition of any sanctions. See, e.g., Martin v. Brown, 63 F.3d 1252, 1262 (3d Cir. 1995). These authorities further support review of the Court's January 30, 2006 Order, to examine evidence and arguments that Brown was unable to present before the Court ruled. Arguably, such evidence can be considered as not previously available to the Court.

B.  Brown's Position Was Substantially Justified

The award of expenses under Rule 37 may be waived if the Court finds the objecting party's position was substantially justified, or that other circumstances make an award of expenses unjust. Fed.R.Civ.P. 37(a)(4)(A). Both those conditions may be found in Brown's case.

Hamot's deposition notice is pursuant to Rule 30.[1] Exhibit A. It does not mention any period of time longer than seven hours. A deposition pursuant to Rule 30 by definition includes Rule 30(d)(2) -- the seven hour limitation. This limitation is subject to two exceptions included in the provision cited. The first is an order by the court setting a different period of time. Hamot had no court order. The second exception is a stipulation by the parties. Stipulations on discovery are governed by Rule 29. Such stipulations must be in writing. Id. Hamot had no written stipulation. Thus, despite the

---

[1] Federal Rule of Civil Procedure 30(d)(2) provides that:

> Unless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours. The court must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination.

availability of two simple ways of assuring it obtained the time it thought it needed to question plaintiff, Hamot did not use them.  Moreover, at no time during Brown's deposition, until the more than seven hours of questioning had elapsed, did Hamot state in words, or clarify in any way, its intent to question Brown for more than seven hours.  Exhibit B, Brown Declaration, ¶ 3; Exhibit C, Sorek Declaration ¶ 4.

Instead, Hamot proceeded under a misunderstanding, of its own making.  Even so, Brown accommodated Hamot without controversy each time she was asked.  First, to accommodate Hamot's counsel's flight schedule, she agreed beforehand to continue the deposition on Saturday, December 17, 2005 should it not be finished on the day scheduled -- Thursday, December 15, 2005.  This is where confusion apparently arose on Hamot's part.  The offer to continue on Saturday December 17 was intended to provide an agreed time of continuation if seven hours were not used on Thursday December 15.  Exhibit C, Sorek Declaration ¶¶ 4-5.  It turned out this foresight was necessary.  The court reporter had a child care commitment that required her to leave the deposition at 7:00 p.m.  Exhibit B ¶ 1.

Hamot's counsel had arrived to the deposition at 2:00 p.m. on December 15 rather than the noticed time of 12:00 noon because of weather delays.  The Court is undoubtedly familiar with parties who would contend that the two hour delay should be subtracted from the seven hour time limit under Rule 30(d)(2).  After all, plaintiff and her counsel were available at the designated time, and both could have been otherwise productively occupied during the delay.  In any event, professional courtesy, if not the imperatives of Rule 30, suggest that travel be undertaken the night before if one believes travel delays may occur on the day of travel, such as is not unusual in Erie in

3

December. Brown made no objection to the delay, however, and adjusted her interests to counsel's convenience. Exhibit B ¶ 1.

Brown was deposed for five hours on December 15. When the deposition resumed on Saturday December 17, Brown stayed more than two hours. She did not leave the deposition abruptly. After beginning the deposition at 9:30 a.m., her counsel noted at 11:30 a.m. that seven hours had elapsed. Brown then agreed to remain until noon to complete the deposition, a portion of which was used by counsels' stating their positions. She remained until 12:20 p.m., until counsel was finished with a particular exhibit. Exhibit B ¶ 3.

Brown takes great exception to the accusations that she intentionally delayed her deposition. She was asked extensive questions about the details of her undergraduate career. The questions about her experience at Hamot are emotionally upsetting. Any caution or pause in answering questions thus were the result of conscientious attempts to recall distant details, and attempts to maintain composure under stress. Exhibit B ¶¶ 4-5.

Brown did not consider it a breach of a discovery obligation to invoke a plain discovery rule, the equally plain exceptions to which Hamot did not bother to use. But besides what she believed was a basic entitlement to rely on the terms of a generally applicable rule, she has particular reasons for wishing to subject herself to inquiry that is as brief as possible.

Brown has had to face some extremely difficult events in her life that she would not discuss, publicly or otherwise, were she not required to do so in this lawsuit. Brown began her education later in life, Exhibit D, Brown Transcript, at 67-68, and so had more

hurdles to overcome in obtaining her college and medical education than the typical student. Brown's daughter was born with birth defects, and required extensive care beyond normal child care, as well as seven or eight surgeries over the course of her childhood. Exhibit D at 96-97. The summer before Brown began medical school, her mother was diagnosed with ovarian cancer. She underwent three years of therapy while Brown was in medical school. Exhibit D at 96. Brown was her mother's primary caregiver during Brown's third year of medical school. Exhibit D at 98. Brown has endured marriages in which she has suffered betrayal not only of her welfare but her daughter's as well. Exhibit D at 114. All these subjects were covered at her deposition.

Brown persevered through these difficulties to a medical residency, only to be terminated in the midst of her progress. Her termination has changed her life in every way -- personally, psychologically, emotionally, financially -- and its effects are continuing. Exhibit B ¶ 5.

In addition, Brown is in the midst of another course of rigorous medical training in a family practice residency at another hospital. As a resident she does not control her schedule, has a schedule that includes duties well beyond an eight hour a day, five day workweek, and has little free time. In addition to a daughter now in college, she has a child in elementary school. The little free time she has she tends to guard jealously. Exhibit B ¶ 2.

In sum, Brown recognizes her obligations under the discovery rules and the litigation process she has put in motion. She also recognizes that her obligations are not boundless, as demonstrated by the text of Rule 30(d)(2). She does not relish reliving the difficult personal experiences being inquired into by Hamot, but of course

will do so as necessary. She previously held the expectation that the period during which it would be necessary to answer Hamot's questions, in the absence of a court order or stipulation, would be seven hours -- a substantial period of time in any event. Under the circumstances, she contends that this was a legitimate expectation.

Accordingly, Brown requests that the Court consider her position and the justifications she had in invoking a rule of civil procedure by which all litigants must abide, and recognize her legitimate interest in limiting the amount of time she was obligated to rehearse intimate and painful details of her personal life. She asks that this reconsideration be expressed in the form requested below.

C.  The Court Should Place Some Limit
    on the Length of the Continued Deposition

While the Court has extended the duration of Brown's deposition, Brown contends that the deposition should not be unlimited. Court extension of the hour limitation of Rule 30(d)(2) is meant to accomplish a "fair examination," not an unlimited one. Hamot has asked more than seven hours of questions seemingly without getting to the heart of its inquiry. Surely Hamot has some obligation to focus its inquiry after deposing plaintiff for this period of time. Accordingly, Brown asks that the continued deposition be restricted to an additional three-and-a-half hours, or another 50% beyond the time allotted by Rule 37(d)(2).

D.  The Court Should Reconsider the Assessment
    of Expenses for Brown's Continued Deposition

For the reasons stated above, Brown's position with regard to her deposition were substantially justified, and an award of expenses arguably is unjust. The Court

should therefore reconsider its award to Hamot of the expense of her continued deposition.

Moreover, Rule 37 provides for payment of "the reasonable expenses incurred in making the motion." Fed.R.Civ.P. 37(a)(4)(A). Even if successful in obtaining a ruling under Rule 37, parties thus are constrained to obtaining as a remedy the expense of making the motion, rather than other expenses. If the Court is to impose any expenses, Hamot's should be limited to these pursuant to Rule 37.

E.   <u>Alternatively, The Court Should Permit Brown Reciprocal Recovery of Expenses</u>

As part of its Motion, Hamot requested, and the Court permitted, the expenses of the continued deposition to be assessed against Brown. If the Court does not reconsider this portion of its decision and rescind the expenses imposed against Brown, the Court should permit Brown to claim expenses incurred in obtaining the discovery materials through her Renewed Motion to Compel, which the Court granted after a hearing in chambers and on the record on December 6, 2005. Exhibit C, Sorek Declaration ¶¶ 7-8.

Briefly, Brown filed a motion to compel on June 20, 2005, after receiving inadequate responses to her document requests. Doc. No. 14. Brown then agreed to suspend the pendency of the motion upon request by the Court at the June 21, 2005 case management conference. Brown attempted to work with Hamot's counsel to obtain the missing documents. After four supplemental productions, and assurances that it had produced all responsive documents, Hamot still had not complied with its discovery obligations. Brown then renewed her motion to compel in November 2005,

where these arguments and evidence are presented. Doc. No. 19. After argument in chambers on the record, the Court granted Brown's motion on December 6, 2005.

Before the Court's decision, Hamot produced about a box of documents -- less than 1500 pages. After the Court's decision, Hamot produced about <u>eighteen boxes of documents</u>. These documents contain information critical to Brown's case[2]; were responsive Brown's First Request for Production of Documents served in March 2005; and were withheld from Brown until production was compelled by the Court. Needless to say, the importance and volume of these documents has required a substantial expenditure to time by counsel. They are maintained by Hamot in Erie, where counsel must travel to review them. Exhibit C ¶¶ 9-10.

Rule 37 establishes no schedule under which the Court may impose an award of expenses. In addition, in contrast to Rule 37(a)(4)(A), Rule 37(c)(1) provides for "other appropriate sanctions," including attorney's fees, for failure to amend a prior response to discovery, as Hamot failed to do in withholding thousands of pages of relevant documents. Accordingly, if the Court does not reconsider the award of expenses in its January 30, 2006 Order, it should grant such expenses in connection with the motion to compel it granted on plaintiff's behalf on December 6, 2005.

F.  <u>Conclusion</u>

In accordance with the foregoing, the Court should reconsider its January 30, 2006 Order granting defendant's motion to compel so that the continuation of the deposition is limited to three-and-a-half hours; and that expenses for such continuation

---

[2] Such documents include written performance evaluation for male residents which demonstrate performance problems for which they were not put on probation, unlike Brown. It is utterly indefensible for Hamot to have withheld this information until compelled by the Court.

8

are not imposed. Alternatively, the Court should impose against Hamot the expenses connected with the motion to compel the Court granted on Brown's behalf.

                    Respectfully submitted,

                    Leech Tishman Fuscaldo & Lampl

                    __/s/ Patrick Sorek_____
                    Patrick Sorek
                    Pa. ID 41827
                    Citizens Bank Building, 30th Floor
                    525 William Penn Place
                    Pittsburgh, Pennsylvania 15219
                    (412) 261-1600

                    Counsel for plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LISA BROWN, M.D., )
)
    Plaintiff, )
)
v. ) Civil Action No. 05-32 E
)
HAMOT MEDICAL CENTER, )
)
    Defendant. )

## ORDER

Upon consideration of Plaintiff's Motion for Partial Reconsideration of January 30, 2006 Order Granting Motion to Compel, plaintiff's Motion is GRANTED. Accordingly:

1. Plaintiff's deposition shall continue for a maximum of three-and-a-half hours.

2. Plaintiff is relieved of the payment of expenses as initially provided in the Court's January 30, 2006 Order granting defendant's motion to compel.

SO ORDERED this ___ day of _____, 2006.

_____
Maurice B. Cohill, Jr.
United States Senior District Judge

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff's Motion for Partial Reconsideration of January 30, 2006 Order Granting Motion to Compel was served today by facsimile and by first class mail, postage prepaid, on:

> Kerry M. Richard
> Ziad Haddad
> Tobin O'Connor Ewing & Richard
> 5335 Wisconsin Avenue, NW, Suite 700
> Washington, DC 20015

_____2/13/06_____            __/s/ Patrick Sorek_____
Date                                Patrick Sorek