IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA BROWN, M.D., | ) |
| | ) |
|    Plaintiff | ) |
| | ) |
|         v. | )  Civil Action No. 05-32E |
| | ) |
| HAMOT MEDICAL CENTER, | ) |
| | ) |
|    Defendant | ) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR RECONSIDERATION OF JANUARY 30, 2006 ORDER**

Defendant Hamot Medical Center ("defendant" or "Hamot"), through its undersigned counsel, hereby submits its opposition to the Plaintiff's Motion For Partial Reconsideration of January 30, 2006 Order Granting Motion to Compel ("Motion To Reconsider") filed by plaintiff Lisa Brown ("plaintiff" or "Dr. Brown"), and states as follows:

Plaintiff's Motion to Reconsider should be denied because this Court had full authority to enter the January 30, 2006 Order, and the Court properly exercised its discretion in doing so. In her Motion To Reconsider, plaintiff erroneously contends that this Court was without authority to require her to reimburse defendant for its costs and fees incurred both in the filing of its Motion To Compel and in connection with the continuance of plaintiff's deposition. In support of her argument, plaintiff states that Federal Rule of Civil Procedure 37(a)(4)(A) mandates an opportunity to be heard before requiring the payment of expenses. See Motion To Reconsider at 2. Defendant did not seek an award of fees pursuant to Rule 37, however, but instead requested its fees pursuant to Rule 30(d)(2), which provides as follows:

> If the court finds that any impediment, delay or other conduct has frustrated the fair examination of the deponent, it may impose upon the persons responsible an appropriate sanction, including the reasonable costs and attorney's fees incurred by any parties as a result thereof.

Rule 30(d)(2) of the Federal Rules of Civil Procedure. Nothing in Rule 30(d)(2) mandates an opportunity to be heard, and court acted properly. In any event, this Court has since afforded plaintiff an opportunity to be heard by its consideration of plaintiff's Motion To Reconsider. Accordingly, this argument is moot.

Notwithstanding the myriad of excuses advanced by plaintiff's Motion To Reconsider, however, this Court properly compelled plaintiff to continue her deposition, and properly ordered that plaintiff should pay all costs and attorneys fees associated with the Motion to Compel and the continuation of the deposition. The Order is necessary to hold plaintiff accountable for the waste of time and resources she knowingly caused. Counsel for Hamot expressly advised Mr. Sorek and plaintiff before they elected to leave the deposition on Saturday December 17, 2005, that defendant would seek reimbursement of all costs and fees associated with filing its motion to compel and with the travel and other expenses necessitated by a return trip to Erie to continue plaintiff's deposition. Thus, plaintiff knowingly incurred this risk.

In addition, both plaintiff and Mr. Sorek also knew, or should have known, that defendant's request to complete plaintiff's deposition would be granted given the importance of plaintiff's testimony to her case, and given plaintiff's inexplicable slowness during the first seven hours of her deposition, a circumstance which both plaintiff and Mr. Sorek have since fully acknowledged. Yet, rather than make any effort whatsoever to reach a fair compromise, plaintiff and Mr. Sorek made a conscious decision to terminate the deposition. Importantly, on two separate occasions after leaving the deposition, but prior to the filing of the Motion to Compel, Mr. Sorek again flatly rejected defendant's invitation to continue the deposition without the need to involve this Court. Such an inflexible approach to resolving discovery disputes should not be

condoned, and this Court properly determined that plaintiff should bear the costs resulting from her action.

Finally, on February 17, 2006, plaintiff's deposition was completed in just over three hours. Had plaintiff not left her deposition on December 17, 2005 at approximately noon, defendant most certainly could have completed the deposition that same day. Instead, defendant was forced to incur significant and entirely unjustifiable expenses, including, among others, Airfare: $588.19. Car rental: $66.69, and Hotel: $78.93. Receipts for these expenses totaling $733.81 can be provided upon request. These expenses do not include any legal fees or deposition costs – rather these costs are costs that Hamot incurred solely because of plaintiff's unjustified decision to terminate her deposition early.[1] The Court properly ordered plaintiff to cover these costs in order to undo the harm resulting to defendant as a result of plaintiff's behavior.

---

1   Hamot expects to submit a complete bill of costs and attorneys fees when it has received the invoice from the court reporter and bill for legal fees related to the continuation of plaintiff's deposition.

Accordingly, defendant Hamot respectfully requests that this Court deny the relief requested by plaintiff in her Motion for Reconsideration and uphold the court's order dated January 30, 2006, as modified by this Court in its February 17, 2006 Order.

Respectfully submitted,

TOBIN, O'CONNOR, EWING & RICHARD

/s/ Kerry M. Richard
Kerry M. Richard, Esq.
Ziad P. Haddad, Esq.
Forrest G. Read, IV, Esq.
5335 Wisconsin Ave., N.W. Suite 700
Washington, DC  20015
(202) 362-5900
*Counsel for Defendant Hamot Medical Center*

Local Counsel:

KNOX McLAUGHLIN GORNALL &
SENNETT, P.C.
Mark J. Kuhar, Esq.
120 West Tenth Street
Erie, Pennsylvania 16501-1461
(814) 459-2800

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by first class, United States mail, postage pre-paid on the 28th day of February, 2006 on the following:

Patrick Sorek, Esq.
Leech Tishman Fuscaldo & Lampl, LLC
525 William Penn Place, 30th Floor
Pittsburgh, PA 15219

/s/ Ziad Haddad
Ziad Haddad

-4-