**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LISA BROWN, M.D., | ) | Civil Action No. 05-32E |
| | ) | Judge Maurice B. Cohill, Jr. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ELECTRONICALLY FILED |
| | ) | |
| HAMOT MEDICAL CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

**BRIEF IN SUPPORT OF MOTION TO QUASH OR MODIFY SUBPOENA**

**I.   INTRODUCTION**

The ten physicians listed below (collectively, the "Third Party Doctors") each received an identical subpoena from Plaintiff, Lisa Brown ("Brown"), seeking numerous records regarding their practices, their relationships with Hamot Medical Center's ("Hamot") orthopedic residency programs, and confidential records regarding malpractice claims that have been brought against them. The Third Party Doctors have no objections to twelve of the fourteen categories of information identified in the subpoena. Two of Brown's requests, however, involve an undue burden on the Third Party Doctors, including the loss of privacy and confidentiality, the administrative expense and time involved in compiling such records, the professional embarrassment associated with disclosing these otherwise confidential records, and the likelihood of disclosing confidential patient information. In light of the complete lack of relevance these records have to the matters at issue in this case, the Third Party Doctors respectfully request the Court to modify or quash the subpoena.

II. **FACTS SURROUNDING SUBPOENA**

On or about February 27, 2006, Drs. John Lubahn, Mary Beth Cermack, John Hood, D. Patrick Williams, David Babins, Gary Cortina, Nick Stefanovski, Vincent Rogers, John Kastrup and Mark Suprock, all of whom are orthopedic surgeons with offices in Erie, and none of whom are parties to this litigation, each received an identical cover letter and subpoena from Brown. (A copy of the cover letter and subpoena are attached hereto as Exhibit A.)

Each of Brown's requests involve undue burden in that they have required significant efforts on the part of the Third Party Doctors, particularly in light of the complete irrelevance to her claims in this action. However, in an attempt to avoid unnecessary cost and disruption, and subject to interposed objections, the Third Party Doctors have not objected to twelve of Brown's fourteen requests. The two requests to which the Third Party Doctors object involve such a degree of burden, including the production of confidential professional and patient documents, that the Third Party Doctor's have filed this Motion requesting that the Court quash those requests. The challenged requests command the production of:

> 7) a copy of any documents from any court, government agency, or tribunal, which initiate or resolve legal claims against you (e.g., complaints, verdicts, and settlement agreements, excluding intervening documents) arising out of the performance of your professional duties; and
>
> 8) a copy of any documents from patients which refer or relate to complaints about any medical care you provided.

(collectively referred to as the "Challenged Requests").

The Challenged Requests have no relevance to this case. Producing any documents responsive to the Challenged Requests will require the Third Party Doctors

2

to search thousands of patient records and their own personal files regarding claims that have been made against them, regardless of the type or legitimacy of the claims. They also will be under a legal and ethical duty to redact any physician-patient privileged information from any such documents. Even more burdensome are the apparent harmful effects which disclosure of these confidential documents could have on the Third Party Doctors, none of which is necessary to Brown to prosecute her case against Hamot.

### III.    ARGUMENT

**A.    Responding to the Challenged Requests will subject the Third Party Doctors to the undue burden of attempting to locate and then disclose confidential, embarrassing and entirely irrelevant documents.**

Fed.R.Civ.P. 45 permits the parties to a lawsuit to compel the production of documents and testimony from non-parties. The rule was substantially amended in 1991 with an expressed purpose of providing **greater** protection for non-parties who are subjected to the compulsion of producing documents and providing testimony. Fed.R.Civ.P. 45, Adv. Comm. Note ("The purposes of this revision are . . . to clarify and enlarge the protections afforded persons who are required to assist the court by giving information or evidence."). Consistent with this purpose, Rule 45 contemplates that the recipient of a subpoena may file a motion to quash or modify the subpoena to avoid any undue burden, embarrassment or having to disclose confidential or privileged information. Fed.R.Civ.P. 45(c)(3).

When considering a motion to quash, Rule 45 requires a court to determine the relevancy of the information being sought, the burden associated with collecting and providing the information and the availability of other means of obtaining

3

the information.  See In re Automotive Refinishing Paint Antitrust Litigation, 229 F.R.D. 482, 495 (E.D. Pa. 2005); see also Small v. Provident Life and Accident Ins. Co., No. Civ. A. 98-2934, 1999 WL 1128945, * 1 (E.D. Pa.) Throughout this analysis, the rights of non-parties are given due deference.  In re Automotive Refinishing Paint Antitrust Litigation, 229 F.R.D. at 495.

  **B.** **The information Brown seeks in the Challenged Requests is completely irrelevant to this matter.**

  A threshold question in determining whether a third party should be compelled to produce information pursuant to a subpoena is whether the information sought is relevant.  Id.  In the Challenged Requests, Brown is seeking information related to claims and complaints that have been received by, or alleged against, the Third Party Doctors related to their professional performance as physicians.  Prior to filing this motion, counsel for the Third Party Doctors requested that Brown's counsel provide an explanation for why the requested records were relevant and, therefore, the legitimate object of inquiry.  (A copy of Brown's counsel's March 27, 2006 letter is attached hereto as Exhibit B).  Brown's counsel's explanation confirmed that these records have no relevance to this matter.

  In his March 27, 2006 letter, Brown's counsel claims that the Challenged Requests, which seek documents relating to claims lodged against the Third Party Doctors based on the performance of their professional duties or the medical care they provided, are relevant to support Brown's claim of gender-based disparate treatment against Hamot.  Basically, Brown's counsel justifies the Challenged Requests by characterizing the Third Party Doctors as comparators to Brown.  Brown intends to argue that the Third Party Doctors were not held to as high of a standard in that their

4

privileges were not revoked by Hamot when allegations critical of their performance were made. This claim of relevance fails for three reasons. First, Brown was a student in Hamot's orthopedic residency training program, and thus, she was not a "similarly situated employee" with the Third Party Doctors. To the extent Brown is seeking a comparator to support her claims, she must use an employee similarly situated to her. Watson v. Eastman Kodak Co., 235 F.3d 851, 857 (3d Cir. 2000). As a resident, Brown was being taught by the Third Party Doctors and was, in no conceivable measure, similarly situated to them. See Ogden v. Keystone Residence, 226 F.Supp.2d 588, 603 (M.D.Pa. 2002) (inquiring into level of experience, employment program, identity of supervisors and identify of applicable standards to determine when two employees are similarly situated).

        Second, to establish that the Third Party Doctors are comparators of hers, she must establish that they are, like she, employees of Hamot. Brown was a student, employed by Hamot. She was subject to the supervision and control of Hamot; Hamot was obligated to supervise and evaluate her work; and Hamot provided medical malpractice liability coverage for her. In contrast, none of the Third Party Doctors is an employee of Hamot. They are private attendings who have applied for and received privileges to admit patients to Hamot for treatment and care. In this capacity, they are not subject to the direction and control of Hamot. Each is responsible for their own medical malpractice claims and each carry their own insurance for these purposes. None of the Third Party Doctors receives any compensation from Hamot for their medical care.[1] In these circumstances, it cannot rationally be concluded that the Third

---

[1] Three of the physicians have or have had contracts to perform certain administrative services for Hamot for which they receive payment, but they are not employed to practice medicine for Hamot.

5

Party Doctors are comparators to Brown.

Finally, even if Brown could establish that the Third Party Doctors are her "comparators," the records she is seeking from them still are completely irrelevant. The only way Brown could support her allegation that Hamot treated the Third Party Doctors differently (better) than her would be to prove that Hamot was **aware** of performance concerns regarding, or claims against, the Third Party Doctors and that it did not act evenhandedly with respect to such information. Thus, the only relevant records would be those regarding complaints or claims of which Hamot was aware – not records and information possessed by the Third Party Doctors. Brown has had the full opportunity to learn of any complaints or claims regarding the Third Party Doctors, or any other doctors, which allegedly were known to Hamot, through her discovery from Hamot. To the extent complaints or claims exist of which Hamot is not aware, they could not possibly be relevant to this matter, even if one accepts Brown's position that the Third Party Doctors are her comparators. Therefore, the Challenged Requests have no relevance to this case.

    **C.**    **Responding to the Challenged Requests will result in undue burden and embarrassment to the Third Party Doctors.**

In addition to being completely irrelevant to this matter, the information Brown seeks through the Challenged Requests is clearly aimed at, and will result in, undue burden and embarrassment to the Third Party Doctors, in violation of Rule 45's protection of non-parties. Through the Challenged Requests, Brown is asking the Third Party Doctors to compile and disclose any complaint or claim that was lodged against them and all documents, including **settlement** documents, related to any legal action that was brought against them. These types of records are both inherently confidential

6

and likely to cause professional embarrassment.

Further, any informal complaints from patients sought in the Challenged Requests are, to the extent they exist, likely part of and found in patients' medical records and also part of the peer review and internal medical review procedures that have been categorized as confidential by both the Pennsylvania legislature and the United States Congress.  42 U.S.C. §§ 11101-11145; 63 P.S. § 425.4.  Rule 45 specifically contemplates the quashing of subpoenas that seek privileged or "protected" information.  The Third Party Doctors are aware that Brown's counsel has already opined in his March 27, 2006 letter that these statutes do not provide blanket protection from the disclosure of these records in this Court.  However, Brown's counsel misses the point.  These statutes represent the combined wisdom of both the Pennsylvania and United States government and conclude that these types of records are entitled to protection.  The reasons for this protection are clear, to protect patient information and to allow for and encourage the full and fair investigation of all claims of medical error.  Disclosure of such claims, including the records requested in the Challenged Requests, will have a chilling effect on the medical review process and easily are capable of disclosing confidential patient information.  Further, Courts in this circuit have clearly held that these types of medical records are entitled to confidential treatment.  <u>Small</u>, No. 98-2934, 1999 WL 1128945, * 2.

In addition to their confidential nature, and the obvious administrative burden in searching for, uncovering and properly redacting privileged information from the records, disclosure of the records described in the Challenged Requests will cause the Third Party Doctors professional embarrassment.  It hardly needs to be stated that

7

medical malpractice is both a statewide and national problem that all doctors face. To require the Third Party Doctors, who are not parties to this case and whose skill as medical practitioners is wholly irrelevant to this matter, to compile, disclose and produce all documents regarding every complaint, claim and legal action brought against them during the past ten years represents the pinnacle of burden. The Third Party Doctors will not have the ability to explain these claims, to discuss their lack of merit or the defenses raised thereto, or to ensure that these claims do not fall into the hands of plaintiffs' attorneys who may attempt to use them in separate suits or for settlement purposes in unfiled claims. These documents also will invariably include confidential patient and settlement information.

    Given the total lack of relevance of these confidential records, and the extreme burden and embarrassment disclosing them would pose, the Third Party Doctors are left with the unavoidable belief that Brown is seeking these records not for any reasonable purpose, but to subject the Third Party Doctors to unnecessary embarrassment and to place indirect pressure on Hamot, at which the Third Party Doctors have privileges.

    The availability of alternative, non-intrusive methods for obtaining the records described in the Challenged Requests would have been sufficient to have allowed the Third Party Doctors quash these requests. However, the Third Party Doctors do not object to the bulk of the subpoena on those or any other grounds. Brown's choice not to take advantage of more reasonable discovery methods is indicative of her underlying intent to embarrass and burden the Third Party Doctors and should weigh in the Court's consideration of this motion to quash requests 7 and 8.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Third Party Doctors respectfully request that this Court quash requests 7 and 8 in the subpoenas served upon them by Plaintiff, Lisa Brown.

Respectfully submitted,

KNOX McLAUGHLIN GORNALL & SENNETT, P.C.

BY: /s/     Mark J. Kuhar
    Mark J. Kuhar, Esq.
    120 West Tenth Street
    Erie, Pennsylvania 16501-1461
    Phone: (814) 459-2800
    Fax: (814) 453-4530
    E-mail: mkuhar@kmgslaw.com
    Bar No.: PA71185

    Local Counsel for the Third Party
    Doctors: John Lubahn, M.D.,
    John Hood, M.D., Gary Cortina, M.D.,
    Mary Beth Cermack, M.D.,
    D. Patrick Williams, M.D.,
    David Babins, M.D., Mark Suprock, M.D.,
    Nick Stefanovski, M.D., John Kastrup, M.D.,
    and Vincent Rogers, M.D.

# 664587