# LEECH TISHMAN FUSCALDO & LAMPL

### ATTORNEYS AT LAW

LEECH TISHMAN
FUSCALDO & LAMPL, LLC

CITIZENS BANK BUILDING
30TH FLOOR
525 WILLIAM PENN PLACE
PITTSBURGH, PA 15219

412-261-1600
412-227-5551 FAX
www.leechtishman.com

February 27, 2006

Patrick Sorek
psorek@leechtishman.com

*Re:*    Brown v. Hamot Medical Center,
Civil Action No. 05-32 E (W.D. Pa.)

Dear Doctor:

Attached please find a subpoena for information related to the lawsuit identified above.

Your obligations regarding compliance with the subpoena are set forth in Federal Rule of Civil Procedure 45(d), and are included on the back of the subpoena. Insofar as you or your counsel might consider the subpoena of this information objectionable, you should be aware that Judge Cohill has previously granted a motion to compel, requiring the production from Hamot Medical Center of information of this type for a similar time period. Brown v. Hamot Medical Center, Civil Action No. 05-32 E, See Docket Entry for December 12, 2005.

It may also be helpful for you or your counsel to be aware that the Pennsylvania Peer Review statute does not protect any of the requested information from disclosure. The Peer Review Act is a state privilege that does not control discovery in federal courts for federal claims. See, e.g., Weiss v. County of Chester, 231 F.R.D. 202 (E.D. Pa. 2005). Moreover, the Peer Review Act was intended to protect health professionals from potential liability for professional negligence; it does not apply to cases relating to physician employment, such as this one. See, e.g., Hayes v. Mercy Health Corp., 739 A.2d 114 (Pa. 1999).

Thank you for your anticipated cooperation. If you or your counsel have any questions, please call Steve Walton at 412-261-1600.

Sincerely,

Leech Tishman Fuscaldo & Lampl

Patrick Sorek

Enclosures

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

WESTERN DISTRICT | DISTRICT OF | PENNSYLVANIA

LISA BROWN, M.D.

V.

HAMOT MEDICAL CENTER

SUBPOENA IN A CIVIL CASE

Case Number:[1]  Civil Action No. 05-32 E

TO:   John Hood, MD
Hand Microsurgery and Reconstructive Orthopaedics, LLP
300 State St.
Erie, PA 16507

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Addendum

| PLACE   Leech Tishman Fuscaldo & Lampl, LLC, 525 William Penn Place, 30th Floor, Pittsburgh, PA 15219 | DATE AND TIME  3/15/2006 12:00 pm |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    attorney for plaintiff | DATE  2/27/06 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Pat Sorek, Esq.  (412) 261-1600
Leech Tishman Fuscaldo & Lampl, LLC, 525 William Penn Place, 30th Floor, Pittsburgh, PA 15219

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|---|---|

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

ADDENDUM TO SUBPOENA
BROWN V. HAMOT MEDICAL CENTER, 05-32 E

DEFINITIONS

1.     "Plaintiff" or "Brown" means Lisa Brown, M.D.  ("Brown").

2.     "Defendant," "Hamot," or "Medical Center" means Hamot Medical Center.

3.     "Orthopedic Residency Program" means the Orthopaedic Residency Program at Hamot Medical Center.

4.     The term "you" or "your" means you and anyone acting on your behalf, including representatives, agents, attorneys, consultants, members, investigators, or employees.

5.     The term "person" includes any individual, partnership, firm, association, joint venture, corporation, estate, trust, receiver, any group or combination acting as a unit, or any other business, governmental or legal entity.

6.     The term "document" or "documents" means and includes any medium upon which information can be recorded, maintained or retrieved, including, without limitation, the original or a copy, any writing or recording of any type or description, however produced or reproduced, specifically including electronic forms such as e-mail and the contents of hard drives or other electronic storage, which is in your or your representative's possession, custody or control, or to which you have or had access, or of which you have knowledge or of which you have a right or privilege to examine upon request or demand, and includes any and all writings and recordings as the term is used in Federal Rule of Evidence 1001 and includes the original (or a copy if the original is not available) and any non-identical copies (whether different from the original because of notes made on the copy or otherwise).

7.    The term "communication" shall mean any oral, written or electronic expression, statement or utterance of any kind, and made by or to anyone, including without limitation, correspondence, e-mails, conversations, agreements or other understandings between or among two or more persons.

8.    The terms "refers to" or "relates to" shall mean mentioning, discussing, including, summarizing, describing, reflecting, containing, depicting, connected with, embodying, evidencing, constituting, concerning, reporting, purporting, or involving an act, occurrence, event, transaction, fact, thing, or course of dealing.

9.    The term "and" or "or" shall be construed either disjunctively or conjunctively or both, as necessary to bring within the scope of any request.

10.    The singular form of a word should be interpreted as plural and the plural should be interpreted as singular to give the word or words the broadest possible meaning.

11.    The masculine gender of any word shall be construed to include the masculine, feminine, and neuter gender.

## INSTRUCTIONS

This subpoena covers all responsive documents during the ten years preceding the date of the subpoena.

## DOCUMENTS REQUESTED

1.      Produce a copy of all documents which refer or relate to how Hamot considers or evaluates orthopedic resident performance on the OITE.

2.      Produce a copy of all documents which refer or relate to how you consider or evaluate orthopedic resident performance on the OITE.

3.      Produce a copy of all documents which refer or relate to instructions or directions from anyone associated with Hamot Medical Center on how Orthopedic Residency Program faculty should evaluate the performance of orthopedic residents.

4.      Produce a copy of all documents which refer or relate to performance evaluations (or their equivalent by whatever name) of your performance as an attending physician at Hamot Medical Center.

5.      Produce a copy of all documents which refer or relate to performance evaluations (or their equivalent by whatever name) of your performance as a faculty member of the Orthopedic Residency Program.

6.      Produce a copy of all documents which refer or relate to instructions or directions from anyone associated with Hamot Medical Center about how to perform the duties of a faculty member of the Orthopedic Residency Program.

7.      Produce a copy of any documents from any court, government agency. or tribunal, which initiate or resolve legal claims against you (e.g., complaints, verdicts, and settlement agreements, excluding intervening documents) arising out of the performance of your professional duties.

8.    Produce a copy of any documents from patients which refer or relate to complaints about any medical care you provided.

9.    Produce a copy of any documents from Hamot Medical Center staff, employees, or affiliated physicians which refer or relate to complaints about your conduct in the Medical Center, as it relates or refers to patient care.

10.    Produce a copy of any documents from Hamot Medical Center staff, employees, or affiliated physicians which refer or relate to complaints about your conduct in the Medical Center, as it relates or refers to your treatment of Hamot Medical Center staff, employees. or affiliated physicians.

11.    Produce a copy of any documents from Hamot Medical Center staff, employees, or affiliated physicians which refer or relate to complaints about your conduct in the Medical Center, as it relates or refers to your observance of Hamot's rules or policies.

12.    Produce a copy of any documents which refer or relate to complaints you provided to anyone affiliated with Hamot Medical Center regarding the job performance of other Hamot Medical Center staff, employees, or affiliated physicians.

13.    Produce a copy of all documents that refer or relate to any training provided to, or attended by, Orthopedic Residency Program faculty regarding equal employment opportunity (such as the Civil Rights Act of 1964; the Age Discrimination in Employment Act; the Americans with Disabilities Act; or the Pennsylvania Human Relations Act), or Hamot personnel rules.

14.    Produce a copy of all statements, interviews, or reports which you have provided to Hamot Medical Center regarding the claims in plaintiff's Complaint or concerning Brown.