

# LEECH TISHMAN
# FUSCALDO & LAMPL
ATTORNEYS AT LAW

LEECH TISHMAN
FUSCALDO & LAMPL, LLC

125 WILLIAM PENN PLACE
30TH FLOOR
PITTSBURGH, PA 15219

412-261-1600
412-227-5551 FAX
www.leechtishman.com

Patrick Sorek
psorek@leechtishman.com
412-560-1398 x 250 Direct Dial

By facsimile

March 27, 2006

Mark J. Kuhar
Knox McLaughlin Gornall & Sennett
120 West Tenth Street
Erie, Pennsylvania 16501-1461

      Re:    *Lisa Brown, M.D. v. Hamot Medical Center*
            Civil Action No. 05-32 E (W.D. Pa.)

Dear Mr. Kuhar:

      When we exchanged telephone messages you asked that I provide some explanation for the relevance of the information subpoenaed from the physicians you represent. I agreed to do so.

      As you know, relevance is the tendency of evidence to make the existence of a fact at issue more probable or less probable. Fed.R.Ev. 401. The facts chiefly at issue in this case are those underlying the reasons for Lisa Brown, MD's, termination from the orthopedic surgery residency program. Dr. Brown has alleged that, based on her termination and the events leading up to it, she was treated less favorably because of her sex. She therefore is entitled to compare her treatment to male residents and attending physicians who were not terminated, to investigate whether they performed similarly but were not disciplined. You should know that Hamot's records thus far plainly reveal that other residents who had similar or worse performance deficiencies than Dr. Brown were not similarly disciplined, or terminated from the program.

      In addition, the sequence and form of proof for this type of claim involves, among other tasks, presenting evidence that Hamot's proffered reason for terminating her participation suffers from any weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions. See, e.g., Fuentes v. Perskie, 32 F.3d 759, 762 (3d Cir. 1994). If plaintiff bears this burden, she certainly is entitled to develop the corresponding evidence to meet this burden. For example, the program director testified at his deposition that one of the factors that led to his decision to terminate



LEECH TISHMAN
FUSCALDO & LAMPL
ATTORNEYS AT LAW

March 27, 2006
Page 2

Dr. Brown's participation in the residency was her allegedly improper treatment of a patient's wound. This evidence implicates all other allegedly improper treatment of patients by residents and attending physicians, within a reasonable period of time. That is, if other physicians subjected a patient to treatment similar to Dr. Brown's, and were not disciplined, or terminated from the program, then such evidence tends to weaken and contradict Hamot's proffered reason for terminating her. Such evidence therefore is relevant and must be disclosed.

You should therefore be aware that each of the doctors who received document subpoenas is subject to being subpoenaed as a witness at trial. They will be questioned about whether they have ever provided, or are aware of any other physician who provided, treatment that placed or may have placed a patient's health or safety at risk. Comparing their recollections against the documentary evidence, and against each other's recollections, will provide substantial relevant evidence about physician performance at Hamot, and the way such performance is evaluated. Of course, without making any presumptions, your clients are also subject to questioning about whether they discussed their prospective testimony with anyone but their lawyer, to identify any efforts to coordinate testimony.

As set forth in my letter that accompanied the document subpoenas, state law privileges that might otherwise protect information about physician performance, such as subjects discussed at morbidity and mortality conferences, does not control federal courts. Moreover, such privileges do not apply to employment discrimination or breach of contract cases like this one. Finally, plaintiff is willing to maintain the confidentiality of any patients involved in such incidents, so long as the responsible physician and the essential facts about the incident are identified.

With regard to potential objections, it is also worth noting again that Judge Cohill granted a motion to compel against Hamot that expanded the range of persons and documents subject to discovery, and allowed ten years as the relevant period of time covered by plaintiff's discovery requests.

Your clients may question whether their evidence as attending physicians is within the scope of evidence plaintiff is entitled to as a resident. The answer is yes, because the attending physician is the position plaintiff aspired to, and would have obtained, has she not been illegally terminated. This result is irrefutably proved by the very large number of residents in Hamot's orthopedic surgery residency program who went on to become faculty members in the program. In fact, a number of



March 27, 2006
Page 3

residents who were in the program at the same time as Dr. Brown are now faculty members in the program.

    With regard to a further extension, as mentioned in your March 24, 2006 phone message, plaintiff would consider an extension of 7-10 days. Her expectation, however, is that this time is requested and being used to compile complete responses from each physician about the categories of documents requested in the subpoenas.

                        Sincerely,

                        Leech Tishman Fuscaldo & Lampl, LLC

                        Patrick Sorek

cc:

Kerry Richard (by fax)