IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA BROWN, M.D., | ) | Civil Action No. 05-32E |
| | ) | Judge Maurice B. Cohill, Jr. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ELECTRONICALLY FILED |
| | ) | |
| HAMOT MEDICAL CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY BRIEF IN SUPPORT OF MOTION TO QUASH OR MODIFY SUBPOENA**

The vast majority of Plaintiff Brown's contentions in her response to the Third Party Doctors' Motion is fully addressed in the Third Party Doctors' principal Brief. However, three issues, do require a short reply.

**BROWN'S RESPONSE TO THE THIRD PARTY DOCTORS' MOTION TO QUASH OR MODIFY SUBPOENA FAILS TO ESTABLISH THE RELEVANCY OR OTHER NECESSITY OF THE CHALLENGED REQUESTS.**

    A.    <u>The Third Party Doctors Properly Responded to Brown's Subpoena</u>.

Brown begins her brief with the inaccurate statement that the Third Party Doctors have not responded properly to the subpoena at issue. In fact, the Third Party Doctors responded to the subpoena on April 4, 2006 with appropriate objections and an explanation that, without waiving those objections, they possessed no documents responsive to the requests not at issue in this Motion. (<u>See</u> April 4, 2004 Letter to Counsel for Brown, attached hereto as Exhibit C). Therefore, Brown's assertion that the Third Party Doctors did not timely respond to her subpoena is simply untrue. Further, her assertion that the Third Party Doctors are, based upon their supposed non-response, in a "poor position to have their Motion to Quash taken seriously" also is

entirely inappropriate. The Third Party Doctors timely and otherwise properly responded to Brown's subpoena and are in an excellent position to challenge the two of the fourteen[1] components of the subpoena at issue.

> **B.   The Third Party Doctors Are Ideally Positioned to Argue the Relevancy of the Challenged Requests.**

Brown makes the curious statement that the Third Party Doctors are "not a in position to argue relevance." (Brown Brief in Opposition to Motion to Quash or Modify Subpoena, p.3). However, Brown's own citation to the law applicable to this Motion identifies relevance as the first issue a court must address when considering a motion to quash. Composition Roofer Union Local 30 v. Graveley Roofing Enter., 160 F.R.D. 70, 72 (E.D. Pa. 1995) (cited by Brown at page 4 of her Brief in Opposition to Motion to Quash or Modify Subpoena). Further, the Third Party Doctors understand that they are not parties to this action. Prior to filing this Motion, the Third Party Doctors requested that Brown provide them with an explanation of the relevance of the documents requested in the Challenged Requests, which was supplied. (See Brown's counsel's March 27, 2006 letter, attached as Exhibit B to the Brief In Support of Motion to Quash or Modify Subpoena). Brown did not contest the right of the Third Party Doctors to question the relevancy of the Challenged Requests. The Third Party Doctors, therefore, are in an ideal position to challenge the relevancy of the Challenged Requests as that relevancy is related to the undue burden associated with those requests.

---

[1]   Brown's Motion to File Exhibits Under Seal incorrectly states she subpoenaed sixteen categories of documents.

C. **Brown's Purported Support for the Relevancy of the Challenged Requests Discloses Those Requests' Complete Lack of Relevancy.**

Brown's relevancy argument is completely lacking in merit. Brown correctly identifies the primary issue in addressing the relevancy issues under this motion – whether the Third Party Doctors are similarly situated so as to make their performance **as physicians** relevant in her suit. After correctly identifying this issue, Brown goes on to allege a number of medical errors committed by **residents** in Hamot's Orthopedic Residency Program. Brown's argument makes the Third Party Doctors' point. It is clear that the performance of other **residents** in Hamot's Orthopedic Residency Program is relevant to Brown's claims. However, it is equally clear that because they are not Brown's comparators, information regarding the Third Party Doctors' professional performance is not relevant. The Third Party Doctors are not even employed as physicians by Hamot[2] and were teachers, rather than students, in the residency program. As such, they are not similarly situated to Brown, a resident/student.

Because there is no support for Brown's argument that the Third Party Doctors are her comparators, her request for documents relating to the Third Party Doctors' performance as physicians is inappropriate. Brown also inappropriately dismisses the Third Party Doctors' claimed burden. As described in their principal brief, the Third Party Doctors' burden in responding to the Challenged Requests is far more

---

[2] Within her brief, Brown challenges the Third Party Doctors' claim that they are not employees of Hamot. The Third Party Doctors did not provide evidentiary support for that statement because they believed that Brown's counsel was aware, through deposition testimony of Hamot representatives, that the Third Party Doctors are not employees. However, to avoid any confusion, attached is an affidavit from Dana Ashley, Human Resource Manager at Hamot, specifically identifying the relationship between Hamot and the Third Party Doctors. (See Affidavit of Dana Ashley, attached hereto as Exhibit D).

3

than locating and copying documents. The possible professional embarrassment, disclosure of confidential documents, harm to the Doctors' ability to defend any future law suits and the administrative burden associated with properly compiling, redacting and disclosing any existing records responsive to the Challenged Requests is extreme and, given the total lack of relevance associated with the documents, is entirely undue.

## **CONCLUSION**

For the reasons stated in this Reply Brief and in the Third Party Doctors' principal Brief, the Third Party Doctors respectfully request that this Court quash or modify requests 7 and 8 in the subpoenas served upon them by Plaintiff, Lisa Brown.

        Respectfully submitted,

        KNOX McLAUGHLIN GORNALL & SENNETT, P.C.

        BY: /s/   Mark J. Kuhar
            Mark J. Kuhar, Esq.
            120 West Tenth Street
            Erie, Pennsylvania 16501-1461
            Phone: (814) 459-2800
            Fax: (814) 453-4530
            E-mail: mkuhar@kmgslaw.com
            Bar No.: PA71185

            Local Counsel for the Third Party Doctors: John Lubahn, M.D., John Hood, M.D., Gary Cortina, M.D., Mary Beth Cermack, M.D., D. Patrick Williams, M.D., David Babins, M.D., Mark Suprock, M.D., Nick Stefanovski, M.D., John Kastrup, M.D., and Vincent Rogers, M.D.

# 667349

4