IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA BROWN, M.D., | ) |
|     Plaintiff | ) ) ) |
|         v. | ) Civil Action No. 05-32E ) |
| HAMOT MEDICAL CENTER, | ) ) |
|     Defendant | ) |

FILED

MAR 1 2005

## ANSWER

Defendant, Hamot Medical Center ("Hamot"), by and through its counsel, Tobin, O'Connor, Ewing & Richard, hereby Answers the Complaint as follows:

1. Hamot lacks knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations contained in Paragraph 1 of the Complaint.

2. Hamot admits the allegations contained in Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint calls for legal conclusions and therefore no answer is required.

### Factual Background

4. Hamot admits that it sponsors graduate medical education training programs, including an accredited Orthopaedic Surgery Residency Program, through which it provides clinical training to residents seeking to become Orthopaedic Surgeons. Hamot further admits that it appoints residents annually through renewable contracts, and that it expects all residents who meet the academic standards of the program to

complete their training programs. To the extent inconsistent with this answer, Hamot denies the remaining allegations in Paragraph 4 of the Complaint.

5. Hamot admits that John D. Lubahn, MD is the director of Hamot's Orthopaedic Surgery Residency Program.

6. Hamot admits the allegations contained in Paragraph 6 of the Complaint, except that it states that Plaintiff was employed as an Orthopaedic Surgery Resident.

7. Hamot admits the allegations contained in Paragraph 7 of the Complaint.

8. Hamot admits the allegations contained in Paragraph 8 of the Complaint.

9. Hamot denies the allegations contained in Paragraph 9 of the Complaint.

10. Hamot admits the allegations contained in the first 2 sentences of Paragraph 10 of the Complaint, but denies each and every other allegation contained therein.

11. Hamot admits the allegations contained in the first sentence of Paragraph 11 of the Complaint, and denies each and every other allegation contained therein.

12. Hamot admits that Plaintiff was advised on March 1, 2004 that she would not be promoted to the next academic year because of her failure to meet academic standards. Hamot also admits that Plaintiff received feedback on her performance in January and February 2004. Hamot denies each and every other allegation contained in Paragraph 12 of the Complaint.

13. Hamot admits that it has an Advancement and Dismissal Policy, and answers that the Advancement and Dismissal Policy speaks for itself. Hamot denies the allegations set forth in Paragraph 13 of the Complaint to the extent they differ from the terms expressly set forth in the Advancement and Dismissal Policy.

14. Hamot admits the allegations set forth in Paragraph 14 of the Complaint.

15. Hamot denies the allegations set forth in Paragraph 15 of the Complaint.

16. Hamot admits that Plaintiff filed a grievance pursuant to Hamot's Grievance Resolution and Due Process Procedure, but denies the remainder of the allegations contained in Paragraph 16 of the Complaint.

17. Hamot denies the allegations set forth in Paragraph 17 of the Complaint.

18. Hamot lacks knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations set forth in Paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint calls for a legal conclusion and thus requires no answer.

## Statement of Claims

### Count One

### Sex Discrimination under Title VII

20. Hamot admits the allegations contained in Paragraph 20 of the Complaint.

21. Hamot denies the allegations contained in Paragraph 21 of the Complaint.

22. Hamot admits that Plaintiff's contract was not renewed, but denies the remainder of the allegations contained in Paragraph 22 of the Complaint.

23. Hamot denies the allegations contained in Paragraph 23 of the Complaint.

24. Hamot denies the allegations contained in Paragraph 24 of the Complaint.

25. Hamot denies the allegations contained in Paragraph 25 of the Complaint.

26. Hamot denies the allegations contained in Paragraph 26 of the Complaint.

## Count Two

### Pennsylvania Human Relations Act

27. Hamot admits the allegations contained in Paragraph 27 of the Complaint.

28. Hamot denies the allegations contained in Paragraph 28 of the Complaint.

29. Hamot admits that Plaintiff's contract was not renewed, but denies the remainder of the allegations contained in Paragraph 29 of the Complaint.

30. Hamot denies the allegations contained in Paragraph 30 of the Complaint.

31. Hamot denies the allegations contained in Paragraph 31 of the Complaint.

32. Hamot denies the allegations contained in Paragraph 32 of the Complaint.

33. Hamot denies the allegations contained in Paragraph 33 of the Complaint.

## Count Three

### Breach of Contract

### Lack of Proper Cause for Termination

34. Hamot answers that the employment agreement between Hamot and Plaintiff speaks for itself. Hamot denies any allegation in Paragraph 34 to the extent it is inconsistent with the express language of the agreement.

35. Hamot denies the allegations contained in Paragraph 35 of the Complaint.

36. Hamot answers that the employment agreement between Hamot and Plaintiff speaks for itself. Hamot denies any allegation in Paragraph 36 to the extent it is inconsistent with the express language of the agreement.

37. Hamot denies the allegations contained in Paragraph 37 of the Complaint.

## Count Four

## Breach of Contract

### Advancement and Dismissal Policy

38. Hamot answers that the employment agreement between Hamot and Plaintiff speaks for itself. Hamot denies any allegation in Paragraph 38, to the extent they are inconsistent with the express language of the agreement.

39. Hamot denies the allegations contained in Paragraph 39 of the Complaint.

40. Hamot denies the allegations contained in Paragraph 40 of the Complaint.

41. Hamot denies the allegations contained in Paragraph 41 of the Complaint.

## Count Five

## Breach of Contract

### Grievance Resolution and Due Process Procedure

42. Hamot answers that the employment agreement between Hamot and Plaintiff speaks for itself. Hamot denies any allegation in Paragraph 42 to the extent it is inconsistent with the express language of the agreement.

43. Hamot denies the allegations contained in Paragraph 43 of the Complaint.

44. Hamot denies the allegations contained in Paragraph 44 of the Complaint.

45. Hamot denies the allegations contained in Paragraph 45 of the Complaint.

46. To the extent not specifically admitted, each and every allegation of the Complaint is hereby denied.

## ADDITIONAL DEFENSES

1. Counts Three, Four and Five of the Complaint are defective because they fail to plead the satisfaction of conditions precedent.

2. Counts One and Two are defective because Hamot's decision was based solely on a legitimate non-discriminatory business reason.

3. Counts One and Two of the Complaint are defective because Plaintiff cannot demonstrate that Hamot was motivated in any way by Plaintiff's sex.

4. Plaintiff's claims are barred to the extent she failed to assert the factual and/or legal bases for her claims in proceedings before the United States Equal Employment Opportunity Commission and/or the Pennsylvania Human Relations Commission and such claims are now barred by the applicable statutes of limitations.

5. Plaintiff has failed to mitigate her alleged damages as required.

6. Plaintiff's claims are barred to the extent she failed to assert the factual and/or legal bases for her claims in connection with Hamot's mandatory grievance and due process procedure.

## PRAYER FOR RELIEF

WHEREFORE, Hamot Medical Center, by and through its attorneys, Tobin, O'Connor, Ewing & Richard, respectfully requests that this court deny any and all relief requested by Plaintiff; award Hamot its costs and attorneys' fees pursuant to Title VII and/or the PHRA, and grant such other relief as it deems necessary to assure justice.

Respectfully submitted,

TOBIN, O'CONNOR, EWING & RICHARD

By /s/ Kerry M. Richard MJC
Kerry M. Richard, Esq.
Ziad P. Haddad, Esq.
Forrest G. Read, IV, Esq.
5335 Wisconsin Ave., N.W. Suite 700
Washington, DC 20015
(202) 362-5900

Counsel for Defendant
Hamot Medical Center

Local Counsel:

KNOX McLAUGHLIN GORNALL & SENNETT, P.C.
Mark J. Kuhar, Esq.
120 West Tenth Street
Erie, Pennsylvania 16501-1461
(814) 459-2800