IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LISA BROWN, M.D.,          )
                         )
         Plaintiff,      )
                         )
      v.               )      Civil Action No. 05-32 E
                         )
HAMOT MEDICAL CENTER,    )
                         )
        Defendant.    )

PLAINTIFF'S MOTION TO UNSEAL DOCUMENTS

1.      On July 1, 2005, the Court issued a Confidentiality Order which provided, in part, that no document that has been marked as confidential may be disclosed to any person, except pursuant to the terms of the Confidentiality Order.  Document No. 16. Exhibit A.

2.      The Order defined a confidential document as any document which bears the mark "Confidential".  Exhibit A, Document No. 16, ¶ 1.

3.      Section 6 of the Order provides that documents identified as confidential shall not be filed with the Clerk, except when essential in connection with dispositive or other motions under the Federal Rules of Civil Procedure.  If filed, they shall be filed under seal and shall remain sealed while in the office of the Clerk so long as they retain their status as confidential documents.  Exhibit A, Document No. 16, ¶ 6.

4.      During the course of discovery, Hamot produced thousands of documents, almost all of which were marked "Confidential".

5.    Hamot has never advised Brown that the documents it produced are no longer confidential or were permitted to be publicly disclosed.  On the contrary, when Brown attached a document stamped confidential to a responsive brief, Hamot directed Brown that unless it moved to file the exhibit under seal, Hamot would pursue sanctions before the Court.  Exhibit B, April 14, 2006 correspondence from Hamot's counsel.

6.    In light of the Court's Order and Hamot's prior response to the disclosure of a single document marked confidential, Plaintiff has filed certain court submissions under seal.  Specifically, on August 15, 2006 Plaintiff filed documents numbered 49, 50, and 51 under seal.  These are Plaintiff's Brief in Support of the Motion for Partial Summary Judgment, and the accompanying Appendix and Concise Statement of Undisputed Facts.  Brown did so because the majority of documents referenced by Brown were produced by Hamot with the "Confidential" mark.

7.    Similarly, on September 15, 2006, Plaintiff filed documents numbered 57, 58, and 59 under seal.  These are Plaintiff's Brief in Opposition to Hamot's Motion for Partial Summary Judgment, Response to Hamot's Concise Statement of Facts, and Opposition Appendix.  Brown did so because the majority of documents referred to by Brown were produced by Hamot with the "Confidential" mark.

8.    Brown's counsel was advised by Court staff on September 19, 2006 that, based on a miscellaneous order from Chief Judge Ambrose, no such filings should have been made under seal without a prior order, and that such prior order must be limited to the particular documents being filed.

9.    Brown believes these documents should _not_ be filed under seal.  Brown only attempted to file these documents under seal to be consistent with its interpretation

of the Confidentiality Order, and to limit the imposition on the Court's time with further discovery-related issues.

10.     In this vein, the Court should note that Hamot violated the Confidentiality Order when it filed documents it had marked "Confidential" in support of its summary judgment motion, then refused to rectify the matter when the problem was called to its attention.  Exhibit C, August 17, 2006 correspondence; Exhibit D, August 22, 2006 correspondence; Exhibit E, August 23, 2006 correspondence, Exhibit F, August 28, 2006 correspondence.

11.     When Brown asked that these documents be filed under seal in accordance with the terms of the Confidentiality Order, Brown was advised that the documents had not been marked confidential.  Hamot's designation proves otherwise. See e.g., Exhibit G, Hamot Summary Judgment Exhibit 6; Exhibit H, Hamot Summary Judgment Exhibit 22; Exhibit I, Hamot Summary Judgment Exhibit 26, Exhibit J, Hamot Summary Judgment Exhibit 27; Exhibit K, Hamot Summary Judgment Exhibit 33; Exhibit L, Hamot Summary Judgment Exhibit 29.  Hamot placed the burden of identifying confidential documents on Brown when Hamot itself had made such designation.

12.     Hamot apparently believes that it can unilaterally cancel the confidentiality designation it has used.  A close reading of the Confidentiality Order, however, shows this interpretation to be wrong.  The Order states that disclosure of the confidential documents is limited to certain classes of people, which does not include the publicly accessible PACER docket.  Exhibit A, ¶ 2.

13.     Brown's belief that Hamot's confidentiality designation is overbroad;   her attempts to file documents under seal; Hamot's accusations against Brown regarding the filing of discovery documents; and, Hamot's apparent disregard of the Confidentiality Order can all be addressed through this Motion.

Accordingly, Plaintiff requests that the Court enter an order unsealing documents numbered 49, 50, 51, 57, 58 and 59.

Respectfully submitted,

Leech Tishman Fuscaldo & Lampl

By:     /s/ Patrick Sorek
        Patrick Sorek
        Pa ID No. 41827
        Alisa N. Carr
        Pa. I.D. No. 56658
        525 William Penn Place, 30th Floor
        Pittsburgh, Pennsylvania  15219
Date:  September 21, 2006        412-261-1600